IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| COOPER NOTIFICATION, INC., a Delaware corporation, | ) ) ) |
| Plaintiff, | ) ) ) Civil Action No._____ |
| v. | ) ) |
| TWITTER, INC., a Delaware corporation; EVERBRIDGE INC., a Delaware corporation; and RAVE WIRELESS INC., a Delaware corporation, | ) ) ) **DEMAND FOR JURY TRIAL** ) ) ) |
| Defendants. | ) |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Cooper Notification, Inc. alleges as follows:

**THE PARTIES**

1.  Plaintiff Cooper Notification, Inc. ("Cooper") is a corporation organized and existing under the laws of Delaware, with its principal place of business at 7565 Commerce Court Sarasota, Florida 34243.

2.  On information and belief, Defendant Twitter Inc. ("Twitter") is a corporation organized and existing under the laws of Delaware, with its corporate headquarters at 164 South Park, San Francisco, California 94107.

3.  On information and belief, Defendant Everbridge Inc. ("Everbridge") is a corporation organized and existing under the laws of Delaware, with its corporate headquarters at 505 North Brand Suite 700, Glendale, California 91203. On information and belief, Everbridge was formerly known as "3N Global Inc." The use of the name Everbridge in this Complaint refers to Everbridge Inc. and/or 3N Global Inc.

4. On information and belief, Defendant Rave Wireless Inc. ("Rave Wireless") is a corporation organized and existing under the laws of Delaware, with its corporate headquarters at 225 East 6th Street, New York, New York 10003.

## JURISDICTION AND VENUE

5. This action arises under the Patent Act, 35 U.S.C. § 271 *et seq*. This Court has original jurisdiction over this controversy pursuant to 28 U.S.C. §§ 1331 and 1338.

6. Venue in this judicial district is proper under 28 U.S.C. §§ 1391 (b) and (c) and/or 28 U.S.C. § 1400(b). Personal jurisdiction over Twitter, Everbridge and Rave Wireless (collectively "Defendants") comports with the United States Constitution because, on information and belief, Defendants do business in this district. Further, Defendants are Delaware corporations that have and continue to infringe, contributorily infringe and/or induce the infringement of United States Patent No. 7,409,428 in this district.

## PLAINTIFF'S PATENT

7. On August 5, 2008, United States Patent No. 7,409,428 ("the '428 Patent"), entitled SYSTEMS AND METHODS FOR MESSAGING TO MULTIPLE GATEWAYS, was issued to Frantisek Brabec, David R. Drescher, Daniel A. Gadra, Daniel D. Park, and Richard A. Tiene. Cooper was assigned all ownership rights to the '428 Patent. A true and correct copy of the '428 Patent is attached to this complaint as Exhibit A and is incorporated by reference herein.

8. The '428 Patent is generally directed to systems and methods for providing message communication among multiple gateways.

## **FIRST CAUSE OF ACTION**

### **(Infringement of the '428 Patent - Twitter)**

9. Cooper realleges each and every allegation set forth in Paragraphs 1 through 8, inclusive, and incorporates them herein by reference.

10. On information and belief, Twitter has been infringing and continues to infringe, contributorily infringe, and/or induce infringement of the '428 Patent by making, using, selling, and/or offering for sale, products which infringe the '428 Patent, including but not limited to, the Twitter service.

11. By reason of Twitter's infringing activities, Cooper has suffered, and will continue to suffer, and is entitled to be compensated for such damages pursuant to 35 U.S.C. § 284 in an amount that will be determined at trial.

12. Twitter's acts complained of herein have damaged and will continue to damage Cooper irreparably. Cooper has no adequate remedy at law for this irreparable harm. Cooper is therefore entitled to a preliminary and/or permanent injunctive relief against such infringement pursuant to 35 U.S.C. § 283.

## **SECOND CAUSE OF ACTION**

### **(Infringement of the '428 Patent - Everbridge)**

13. Cooper realleges each and every allegation set forth in Paragraphs 1 through 8, inclusive, and incorporates them herein by reference.

14. On information and belief, Everbridge has infringed and is infringing the '428 Patent by making, using, selling, and/or offering for sale products which infringe the '428 Patent, including but not limited to, the product or service known as Everbridge Aware.

15. By reason of Everbridge's infringing activities, Cooper has suffered, and will continue to suffer, and is entitled to be compensated for such damages pursuant to 35 U.S.C. § 284 in an amount that will be determined at trial.

16. Everbridge's acts complained of herein have damaged and will continue to damage Cooper irreparably. Cooper has no adequate remedy at law for this irreparable harm. Cooper is therefore entitled to a preliminary and/or permanent injunctive relief against such infringement pursuant to 35 U.S.C. § 283.

## THIRD CAUSE OF ACTION

### (Infringement of the '428 Patent - Rave Wireless)

17. Cooper realleges each and every allegation set forth in Paragraphs 1 through 8, inclusive, and incorporates them herein by reference.

18. On information and belief, Rave Wireless has infringed and is infringing the '428 Patent by making, using, selling, and/or offering for sale products which infringe the '428 Patent, including but not limited to, the product or service known as RaveAlert.

19. By reason of Rave Wireless' infringing activities, Cooper has suffered, and will continue to suffer, and is entitled to be compensated for such damages pursuant to 35 U.S.C. § 284 in an amount that will be determined at trial.

20. Rave Wireless' acts complained of herein have damaged and will continue to damage Cooper irreparably. Cooper has no adequate remedy at law for this irreparable harm. Cooper is therefore entitled to a preliminary and/or permanent injunctive relief against such infringement pursuant to 35 U.S.C. § 283.

## PRAYER FOR RELIEF

WHEREFORE, Cooper prays that the Court enter judgment as follows ordering that:

A. Defendants have infringed the '428 Patent by making using, selling, and/or offering for sale products and services covered by one or more claims of the '428 Patent;

B. A preliminary and permanent injunction against Defendants and their respective affiliates, subsidiaries, officers, directors, employees, agents, representatives, servants, licensees, attorneys, successors, assigns, and/or those in privity with them, from infringing, contributorily infringing, or inducing the infringement of the '428 Patent;

C. An award to Cooper of damages that are adequate to fully compensate it for their infringement of the '428 Patent, together with prejudgment interest and costs;

C. A finding that this case is "exceptional" and an award to Cooper of its costs, reasonable attorney's fees and other expenses incurred in this action;

D. An accounting of all infringing sales; and

E. Such further and other relief as the Court and/or jury may deem proper and just.

## DEMAND FOR JURY TRIAL

Cooper hereby demands a trial by jury on all issues triable by a jury.

**POTTER ANDERSON & CORROON LLP**

OF COUNSEL:

Paul J. Andre
King & Spalding LLP
333 Twin Dolphin Drive
Suite 400
Redwood Shores CA, 94065
(650) 590-0700

Dated: November 13, 2009
942519

By _____
Philip A. Rovner (#3215)
Hercules Plaza
P. O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com

*Attorneys for Plaintiff*
*Cooper Notification, Inc.*