IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| COOPER NOTIFICATION, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>TWITTER, INC., a Delaware corporation; EVERBRIDGE INC., a Delaware corporation; and RAVE WIRELESS INC., a Delaware corporation,<br><br>Defendants. | C.A. No. 09-865-JJF<br><br>**JURY TRIAL DEMANDED** |

### ANSWER OF DEFENDANT EVERBRIDGE INC.

Pursuant to Fed. R. Civ. P. 8, Defendant Everbridge Inc. ("Everbridge"), hereby answers Plaintiff Cooper Notification, Inc.'s ("Cooper") Complaint for Patent Infringement ("Complaint") as follows:

### THE PARTIES

1. Everbridge is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 of the Complaint, and, therefore, denies same.

2. Everbridge is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2 of the Complaint, and, therefore, denies same.

3. Everbridge admits that it is a corporation organized and existing under the laws of Delaware, with its corporate headquarters at 505 North Brand, Suite 700, Glendale, California

RLF1 3512862v.1

91203.  Everbridge admits that its predecessor in name was 3N Global Inc.  To the extent there are other allegations made in Paragraph 3 of the Complaint, Everbridge denies such allegations.

4.  Everbridge is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4 of the Complaint, and, therefore, denies same.

5.  Everbridge admits that the Plaintiff has alleged a cause of action under the Patent Laws of the United States.  Everbridge admits that this Court has subject matter jurisdiction in this case.

6.  Everbridge admits that venue is proper in this judicial district.  Everbridge admits that is does business in this judicial district, and that it is subject to the personal jurisdiction of this Court.  Everbridge admits that it is a Delaware corporation.  Everbridge is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6 of the Complaint pertaining to named defendants other than Everbridge, and, therefore, denies same.  Everbridge denies the remaining allegations of Paragraph 6 of the Complaint.

7.  Everbridge admits that U.S. Patent No. 7,409,428 (the "'428 patent") is entitled "SYSTEMS AND METHODS FOR MESSAGING TO MULTIPLE GATEWAYS."  Everbridge admits that the '428 patent issued on August 5, 2008.  Everbridge admits that the '428 patent was assigned to Cooper Notification, Inc. by Cooper Technologies Company, but lacks sufficient knowledge or information as to the legality of such assignment.  Everbridge admits that a copy of the '428 patent was attached as Exhibit A to the Complaint.

8.  Everbridge admits that the '428 Patent specification is generally directed to systems and methods for providing message communication among multiple gateways.  To the

extent the allegations set forth in Paragraph 8 of the Complaint are directed toward the claims of the '428 Patent, those allegations call for a legal conclusion and do not require a response.

## FIRST CAUSE OF ACTION

9. Everbridge hereby incorporates by reference its answers to Paragraphs 1-8 of the Complaint as though fully set forth herein.

10. Everbridge is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10 of the Complaint, and, therefore, denies same.

11. Everbridge is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11 of the Complaint, and, therefore, denies same.

12. Everbridge is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12 of the Complaint, and, therefore, denies same.

## SECOND CAUSE OF ACTION

13. Everbridge hereby incorporates by reference its answers to Paragraphs 1-12 of the Complaint as though fully set forth herein.

14. Everbridge denies the allegations of Paragraph 14 of the Complaint.

15. Everbridge denies the allegations of Paragraph 15 of the Complaint.

16. Everbridge denies the allegations of Paragraph 16 of the Complaint.

## THIRD CAUSE OF ACTION

17. Everbridge hereby incorporates by reference its answers to Paragraphs 1-16 of the Complaint as though fully set forth herein.

18. Everbridge is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18 of the Complaint, and, therefore, denies same.

19. Everbridge is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19 of the Complaint, and, therefore, denies same.

RLF1 3512862v.1

20. Everbridge is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20 of the Complaint, and, therefore, denies same.

## PRAYER FOR RELIEF

Everbridge hereby incorporates by reference its answers to all Paragraphs of the Complaint as though fully set forth herein. Everbridge denies that Plaintiff is entitled to any of the relief requested in the Complaint.

## DEMAND FOR JURY TRIAL

Everbridge admits that Plaintiff requests a trial by jury.

## AFFIRMATIVE DEFENSES

In addition to the defenses described below, Everbridge reserves the right to allege additional defenses as they become known throughout the course of discovery.

### First Affirmative Defense

1. Everbridge does not directly infringe, either literally or under the doctrine of equivalents, or induce or contribute to the infringement of, any valid and enforceable claim of the '428 patent.

### Second Affirmative Defense

2. The claims of the '428 patent are invalid because they fail to comply with the conditions and requirements for patentability set forth in 35 U.S.C. § 1 et seq., including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

### Third Affirmative Defense

3. Plaintiff is estopped, by reason of prior art or statements or representations made to or by the United States Patent and Trademark Office during prosecution of the applications that led to the '428 patent, from asserting any interpretation of the claims that would cover any technology made, used, offered for sale, or sold by Everbridge.

### Fourth Affirmative Defense

4.  On information and belief, the '428 Patent is unenforceable due to inequitable conduct on the part of the applicant for the '428 Patent.

5.  On information and belief, the applicant for the '428 Patent knew of the REACTecn™ system (on information and belief, also sometimes referred to as REACT™) sold, offered for sale by the applicant and/or in public use more than one year before the filing of the provisional applications by the applicant for the '428 Patent.

6.  On information and belief, the REACTecn™ system is highly material to the patentability of the '428 Patent.

7.  On information and belief, there is a substantial likelihood that a reasonable patent examiner would consider REACTecn™ important in deciding whether to allow the application to issue as the '428 Patent.

8.  On information and belief, the applicant for the '428 Patent failed to cite REACTecn™ to the U.S. Patent & Trademark Office during the prosecution of the applications that led to the '428 Patent.

9.  On information and belief, applicant's failure to cite REACTecn™ to the U.S. Patent & Trademark Office was done with deceptive intent.

### Fifth Affirmative Defense

10. On information and belief, the applicant for the '428 Patent knew of the RoaMail™ system sold, offered for sale and/or in public use by the applicant more than one year before the filing of the provisional applications by the applicant for the '428 Patent.

11. On information and belief, the RoaMail™ system is highly material to the patentability of the '428 Patent.

12. On information and belief, there is a substantial likelihood that a reasonable patent examiner would consider RoaMail™ important in deciding whether to allow the application to issue as the '428 Patent.

13. On information and belief, the applicant for the '428 Patent failed to cite RoaMail™ to the U.S. Patent & Trademark Office during the prosecution of the applications that led to the '428 Patent.

14. On information and belief, applicant's failure to cite RoaMail™ to the U.S. Patent & Trademark Office was done with deceptive intent.

## PRAYER FOR RELIEF

WHEREFORE, Everbridge respectfully requests the following relief:

A) A judgment in favor of Everbridge denying Plaintiff all relief requested in its Complaint in this action and dismissing Plaintiff's Complaint with prejudice;

B) A declaration that claims of the '428 Patent are invalid;

C) A declaration that Everbridge has not infringed and is not infringing, either literally or by virtue of the doctrine of equivalents, any valid or enforceable claims of the '428 Patent, and that Everbridge has not contributed to or induced, and is not contributing to or inducing, infringement of the '428 Patent;

D) A declaration that the '428 Patent is unenforceable due to inequitable conduct;

E) A judgment declaring this to be an exceptional case and awarding Everbridge its costs, expenses and reasonable attorneys' fees pursuant to 35 U.S.C. § 285 and as otherwise permitted by law; and

F)   Any and all other relief to which Everbridge may be entitled or which this Court deems just and proper.

*OF COUNSEL:*

Edward Cavazos
edward.cavazos@bgllp.com
Michael Chibib
michael.chibib@bgllp.com
Joshua L. Tucker
josh.tucker@bgllp.com
Bracewell & Giuliani LLP
111 Congress Avenue, Suite 2300
Austin, TX  78701

(512) 472-7800

Dated:  December 7, 2009

/s/ Laura D. Hatcher
Frederick L. Cottrell, III (#2555)
cottrell@rlf.com
Laura D. Hatcher (#5098)
hatcher@rlf.com
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
(302) 651-7700

*Attorneys for Defendant Everbridge, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on December 7, 2009, I electronically filed the foregoing with the Clerk of the Court using CM/ECF. I further certify that I caused copies of the foregoing to be served on December 7, 2009 in the manner indicated to:

**VIA ELECTRONIC MAIL**

Philip A. Rovner
Potter Anderson & Corroon, LLP
Hercules Plaza
P. O. Box 951
Wilmington, DE 19899

Paul J. Andre
King & Spalding LLP
333 Twin Dolphin Drive
Suite 400
Redwood Shores, CA 94065

Stamatios Stamoulis
Richard C. Weinblatt
Two Fox Point Centre
6 Denny Road
Suite 307
Wilmington, DE 19809

                                                 */s/ Laura D. Hatcher*
                                                 Laura D. Hatcher (#5098)
                                                 Hatcher@rlf.com