IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| COOPER NOTIFICATION, INC., | ) |
| Plaintiff, | ) Civil Action No. 09-865-JJF |
| v. | ) |
| | ) **JURY TRIAL DEMANDED** |
| TWITTER, INC., a Delaware corporation, EVERBRIDGE INC., a Delaware corporation, RAVE WIRELESS INC., a Delaware corporation, FEDERAL SIGNAL CORP., a Delaware corporation, | ) |
| Defendants. | ) |

## AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Cooper Notification, Inc. ("Plaintiff") alleges as follows:

### THE PARTIES

1. Plaintiff Cooper Notification, Inc. ("Cooper") is a corporation organized and existing under the laws of Delaware, with its principal place of business at 7565 Commerce Court Sarasota, Florida 34243.

2. On information and belief, Defendant Twitter Inc. ("Twitter") is a corporation organized and existing under the laws of Delaware, with its corporate headquarters at 164 South Park, San Francisco, California 94107.

3. On information and belief, Defendant Everbridge Inc. ("Everbridge") is a corporation organized and existing under the laws of Delaware, with its corporate headquarters at 505 North Brand Suite 700, Glendale, California 91203. On information and belief, Everbridge was formerly known as "3N Global Inc." The use of the name Everbridge in this Complaint refers to Everbridge Inc. and/or 3N Global Inc.

4. On information and belief, Defendant Rave Wireless Inc. ("Rave Wireless") is a corporation organized and existing under the laws of Delaware, with its corporate headquarters at 225 East 6th Street, New York, New York 10003.

5. On information and belief, Defendant Federal Signal Corp. ("Federal Signal") is a corporation organized and existing under the laws of Delaware, with its corporate headquarters at 1415 W. 22nd Street Suite 1100, Oak Brook, Illinois 60523.

## JURISDICTION AND VENUE

6. This action arises under the Patent Act, 35 U.S.C. § 271 *et seq*. This Court has original jurisdiction over this controversy pursuant to 28 U.S.C. §§ 1331 and 1338.

7. Venue in this judicial district is proper under 28 U.S.C. §§ 1391 (b) and (c) and/or 28 U.S.C. § 1400(b). Personal jurisdiction over Twitter, Federal Signal, Everbridge and Rave Wireless (collectively "Defendants") comports with the United States Constitution because, on information and belief, Defendants do business in this district. Further, Defendants are Delaware corporations that have and continue to infringe, contributorily infringe and/or induce the infringement of United States Patent No. 7,409,428 in this district.

## PLAINTIFF'S PATENT

8. On August 5, 2008, United States Patent No. 7,409,428 ("the '428 Patent"), entitled SYSTEMS AND METHODS FOR MESSAGING TO MULTIPLE GATEWAYS, was issued to Frantisek Brabec, David R. Drescher, Daniel A. Gadra, Daniel D. Park, and Richard A. Tiene. Cooper was assigned all ownership rights to the '428 Patent. A true and correct copy of the '428 Patent is attached to this complaint as Exhibit A and is incorporated by reference herein.

9. The '428 Patent is generally directed to systems and methods for providing message communication among multiple gateways.

## FIRST CAUSE OF ACTION

### (Infringement of the '428 Patent - Twitter)

10.     Cooper realleges each and every allegation set forth in Paragraphs 1 through 9, inclusive, and incorporates them herein by reference.

11.     On information and belief, Twitter has been infringing and continues to infringe, contributorily infringe, and/or induce infringement of the '428 Patent by making, using, selling, and/or offering for sale, products which infringe the '428 Patent, including but not limited to, the Twitter service.

12.     By reason of Twitter's infringing activities, Cooper has suffered, and will continue to suffer, and is entitled to be compensated for such damages pursuant to 35 U.S.C. § 284 in an amount that will be determined at trial.

13.     Twitter's acts complained of herein have damaged and will continue to damage Cooper irreparably. Cooper has no adequate remedy at law for this irreparable harm. Cooper is therefore entitled to a preliminary and/or permanent injunctive relief against such infringement pursuant to 35 U.S.C. § 283.

## SECOND CAUSE OF ACTION

### (Infringement of the '428 Patent - Everbridge)

14.     Cooper realleges each and every allegation set forth in Paragraphs 1 through 9, inclusive, and incorporates them herein by reference.

15.     On information and belief, Everbridge has infringed and is infringing the '428 Patent by making, using, selling, and/or offering for sale products which infringe the '428 Patent, including but not limited to, the product or service known as Everbridge Aware.

16. By reason of Everbridge's infringing activities, Cooper has suffered, and will continue to suffer, and is entitled to be compensated for such damages pursuant to 35 U.S.C. § 284 in an amount that will be determined at trial.

17. Everbridge's acts complained of herein have damaged and will continue to damage Cooper irreparably. Cooper has no adequate remedy at law for this irreparable harm. Cooper is therefore entitled to a preliminary and/or permanent injunctive relief against such infringement pursuant to 35 U.S.C. § 283.

## THIRD CAUSE OF ACTION

### (Infringement of the '428 Patent - Rave Wireless)

18. Cooper realleges each and every allegation set forth in Paragraphs 1 through 9, inclusive, and incorporates them herein by reference.

19. On information and belief, Rave Wireless has infringed and is infringing the '428 Patent by making, using, selling, and/or offering for sale products which infringe the '428 Patent, including but not limited to, the product or service known as RaveAlert.

20. By reason of Rave Wireless' infringing activities, Cooper has suffered, and will continue to suffer, and is entitled to be compensated for such damages pursuant to 35 U.S.C. § 284 in an amount that will be determined at trial.

21. Rave Wireless' acts complained of herein have damaged and will continue to damage Cooper irreparably. Cooper has no adequate remedy at law for this irreparable harm. Cooper is therefore entitled to a preliminary and/or permanent injunctive relief against such infringement pursuant to 35 U.S.C. § 283.

## FOURTH CAUSE OF ACTION

### (Infringement of the '428 Patent - Federal Signal)

22. Cooper realleges each and every allegation set forth in Paragraphs 1 through 9, inclusive, and incorporates them herein by reference.

23. On information and belief, Federal Signal has infringed and is infringing the '428 Patent by making, using, selling, and/or offering for sale products which infringe the '428 Patent, including but not limited to, the product or service known as SmartMSG.

24. By reason of Federal Signal's infringing activities, Cooper has suffered, and will continue to suffer, and is entitled to be compensated for such damages pursuant to 35 U.S.C. § 284 in an amount that will be determined at trial.

25. Federal Signal's acts complained of herein have damaged and will continue to damage Cooper irreparably. Cooper has no adequate remedy at law for this irreparable harm. Cooper is therefore entitled to a preliminary and/or permanent injunctive relief against such infringement pursuant to 35 U.S.C. § 283.

## PRAYER FOR RELIEF

WHEREFORE, Cooper prays that the Court enter judgment as follows ordering that:

A. Defendants have infringed the '428 Patent by making using, selling, and/or offering for sale products and services covered by one or more claims of the '428 Patent;

B. A preliminary and permanent injunction against Defendants and their respective affiliates, subsidiaries, officers, directors, employees, agents, representatives, servants, licensees, attorneys, successors, assigns, and/or those in privity with them, from infringing, contributorily infringing, or inducing the infringement of the '428 Patent;

      C.      An award to Cooper of damages that are adequate to fully compensate it for their infringement of the '428 Patent, together with prejudgment interest and costs;

      C.      A finding that this case is "exceptional" and an award to Cooper of its costs, reasonable attorney's fees and other expenses incurred in this action;

      D.      An accounting of all infringing sales; and

      E.      Such further and other relief as the Court and/or jury may deem proper and just.

### **DEMAND FOR JURY TRIAL**

Cooper hereby demands a trial by jury on all issues triable by a jury.

POTTER ANDERSON & CORROON LLP

By: _____
Philip A. Rovner (#3215)
Hercules Plaza
P.O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com

*Attorneys for Plaintiff*
*Cooper Notification, Inc.*

OF COUNSEL:

Paul J. Andre
King & Spalding LLP
333 Twin Dolphin Drive
Suite 400
Redwood City, CA 94065
(650) 590-0700

Dated: January 8, 2010
948819

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, Philip A. Rovner, hereby certify that on January 8, 2010, the within document was filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following; that the document was served on the following counsel as indicated; and that the document is available for viewing and downloading from CM/ECF.

### BY CM-ECF AND E-MAIL

John G. Day, Esq.
Lauren E. Maguire, Esq.
Caroline Hong, Esq.
Ashby & Geddes
500 Delaware Avenue, 8th floor
P.O. Box 1150
Wilmington, DE  19899
jday@ashby-geddes.com
lmaguire@ashby-geddes.com
chong@ashby-geddes.com

Stamatios Stamoulis, Esq.
Richard C. Weinblatt, Esq.
Stamoulis & Weinblatt LLC
Two Fox Point Centre
6 Denny Road, Suite 307
Wilmington, DE  19800
stamoulis@swdelaw.com
weinblatt@swdelaw.com

Frederick L. Cottrell, III, Esq.
Laura D. Hatcher, Esq.
Richards, Layton & Finger, P.A.
One Rodney Square
920 N. King Street
Wilmington, DE  19801
Cottrell@rlf.com
hatcher@rlf.com

I hereby certify that on January 8, 2010 I have sent by E-mail the foregoing document to the following non-registered participants:

Edward Cavazos, Esq.
Michael Chibib, Esq.
Joshua L. Tucker, Esq.
Bracewell & Giuliani LLP
111 Congress Avenue, Suite 2300
Austin, TX  78701
Edward.cavazos@bgllp.com
Michael.chibib@bgllp.com
Josh.tucker@bgllp.com

2

/s/ Philip A. Rovner
Philip A. Rovner  (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P. O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com