IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| COOPER NOTIFICATION, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 09-865-JJF |
| | ) | |
| TWITTER, INC., EVERBRIDGE INC., RAVE WIRELESS INC., and FEDERAL SIGNAL CORP., | ) ) ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendants. | ) | |

**TWITTER, INC.'S ANSWER, DEFENSES, AND COUNTERCLAIMS TO
PLAINTIFF COOPER NOTIFICATION, INC.'S
AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

**I.**

**ANSWER**

Defendant Twitter, Inc. ("Twitter"), by and through its undersigned counsel, hereby

answers the Complaint for Patent Infringement ("Complaint") of Plaintiff Cooper Notification, Inc.

("Cooper") as follows:

**THE PARTIES**

1.      Twitter lacks sufficient knowledge or information to form a belief as to the truth

or falsity of the allegations in paragraph 1 of the Complaint and therefore denies them.

2.      Twitter admits it is a Delaware corporation with its corporate headquarters located

at 164 South Park, San Francisco, California 94107.

3.      Twitter lacks sufficient knowledge or information to form a belief as to the truth

or falsity of the allegations in paragraph 3 of the Complaint and therefore denies them.

4.      Twitter lacks sufficient knowledge or information to form a belief as to the truth

{00374369;v1}

or falsity of the allegations in paragraph 4 of the Complaint and therefore denies them.

5.      Twitter lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 5 of the Complaint and therefore denies them.

## JURISDICTION AND VENUE

6.      Twitter admits that the Complaint is an action for alleged patent infringement under the patent laws of the United States, Title 35 of the United States Code, and admits that this Court has subject matter jurisdiction over such actions based on 28 U.S.C. §§ 1331 and 1338. Twitter denies any allegation of infringement of the patent identified in the Complaint.

7.      Twitter admits that Plaintiff purports to aver that venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c) and/or 28 U.S.C. § 1400(b). Twitter admits that it does business in this judicial district and that it is a Delaware corporation. Twitter lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 7 pertaining to named defendants other than Twitter and therefore denies them. Twitter denies the remaining allegations contained in Paragraph 7 of the Complaint.

## PLAINTIFF'S PATENT

8.      Twitter admits that what appears to be a copy of United States Patent No. 7,409,428 ("the '428 Patent") is attached as Exhibit A to the Amended Complaint. Twitter further admits that the face of what appears to be the '428 Patent indicates that its title is "Systems and Methods for Messaging to Multiple Gateways," that the named inventors are Frantisek Brabec, David R. Drescher, Daniel A. Gadra, Daniel D. Park, and Richard A. Tiene, and that the named assignee is Cooper Technologies Company. Twitter is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 8 of the Complaint and therefore denies them.

9.      Twitter admits that the '428 Patent specification is generally directed to systems and methods for providing message communication among multiple gateways.  To the extent the allegations set forth in Paragraph 9 of the Complaint are directed toward the claims of the ''428 Patent, those allegations call for a legal conclusion and do not require a response.

## FIRST CAUSE OF ACTION

### (Infringement of the '428 Patent – Twitter)

10.      In response to Paragraph 10 of the Complaint, Twitter incorporates by reference its responses to paragraphs 1 through 9 of the Answer above as if fully set forth herein.

11.      Twitter denies the allegations contained in paragraph 11 of the Complaint.

12.      Twitter denies the allegations contained in paragraph 12 of the Complaint.

13.      Twitter denies the allegations contained in paragraph 13 of the Complaint.

## SECOND CAUSE OF ACTION

### (Infringement of the '428 Patent – Everbridge)

14.      In response to Paragraph 14 of the Complaint, Twitter incorporates by reference its responses to paragraphs 1 through 13 of the Answer above as if fully set forth herein.

15.      Twitter lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 15 of the Complaint and therefore denies them.

16.      Twitter lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 16 of the Complaint and therefore denies them.

17.      Twitter lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 17 of the Complaint and therefore denies them.

## THIRD CAUSE OF ACTION

### (Infringement of the '428 Patent – Rave Wireless)

18.     In response to Paragraph 18 of the Complaint, Twitter incorporates by reference its responses to paragraphs 1 through 17 of the Answer above as if fully set forth herein.

19.     Twitter lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 19 of the Complaint and therefore denies them.

20.     Twitter lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 20 of the Complaint and therefore denies them.

21.     Twitter lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 21 of the Complaint and therefore denies them.

## THIRD CAUSE OF ACTION

### (Infringement of the '428 Patent – Federal Signal)

22.     In response to Paragraph 22 of the Complaint, Twitter incorporates by reference its responses to paragraphs 1 through 21 of the Answer above as if fully set forth herein.

23.     Twitter lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 23 of the Complaint and therefore denies them.

24.     Twitter lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 24 of the Complaint and therefore denies them.

25.     Twitter lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 25 of the Complaint and therefore denies them.

## PRAYER FOR RELIEF

Twitter denies that Plaintiff is entitled to the relief it seeks or any relief at all for the allegations made in the Complaint.  Twitter denies all other allegations in the Complaint that

have not been specifically admitted in paragraphs 1 – 25 above.

## II.

## AFFIRMATIVE DEFENSES

For its Affirmative Defenses to the Complaint, Twitter alleges as follows:

### FIRST AFFIRMATIVE DEFENSE – NON-INFRINGEMENT

1.      Twitter has not infringed, and does not infringe, and is not liable for any infringement of the '428 Patent directly, contributorily, by inducement, or in any other manner.

### SECOND AFFIRMATIVE DEFENSE – INVALIDITY

2.      The '428 Patent is invalid for failure to meet one or more of the conditions for patentability specified in Title 35, U.S.C., or the rules, regulations, and law related thereto, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

### THIRD AFFIRMATIVE DEFENSE – ESTOPPEL

3.      Twitter is informed and believes, and thereon alleges, that the relief sought by Plaintiff is barred under the doctrine of prosecution history estoppel.

### FOURTH AFFIRMATIVE DEFENSE – DEDICATION TO THE PUBLIC

4.      The relief sought by Plaintiff is barred, in whole or in part, because Plaintiff dedicated to the public all methods, systems and products disclosed in the patents-in-suit but not literally claimed therein.

### FIFTH AFFIRMATIVE DEFENSE – LIMITATION ON DAMAGES

5.      Plaintiff's claim for damages is barred, in whole or in part, by 35 U.S.C. § 287 and/or Plaintiff's failure to plead notice thereunder.

### SIXTH AFFIRMATIVE DEFENSE – LACHES

6.      The doctrine of laches bars Plaintiff from obtaining all, or part, of the relief it

seeks because Plaintiff delayed filing suit for an unreasonable and inexcusable length of time to the prejudice of Netflix.

## SEVENTH AFFIRMATIVE DEFENSE – COSTS BARRED IN ACTION FOR INFRINGEMENT OF A PATENT CONTAINING AN INVALID CLAIM

7.     Pursuant to 35 U.S.C. § 288, Plaintiff is barred from recovering any costs because Quito did not enter a disclaimer of its invalid claims at the Patent and Trademark Office prior to the commencement of this suit.

## RESERVATION OF ADDITIONAL AFFIRMATIVE DEFENSES

8.     Twitter reserves the right to assert additional defenses in the event that discovery or other analysis indicates that additional affirmative defenses are appropriate.

## III.

## COUNTERCLAIMS

For its Counterclaims against Plaintiff, Defendant and Counterclaimant Twitter, Inc. ("Twitter") alleges as follows:

1.     Twitter counterclaims against Plaintiff pursuant to the patent laws of the United States, Title 35 of the United States Code, and laws authorizing actions for declaratory judgment in the courts of the United States, 28 U.S. C. §§ 2201 and 2202, and Federal Rule of Procedure 13.

## THE PARTIES

2.     Twitter is a Delaware corporation with its principal place of business at 164 South Park, San Francisco, California 94107

3.     Upon information and belief, Plaintiff Cooper Notification, Inc. ("Cooper") is a Delaware corporation with its principal place of business at 7565 Commerce Court, Sarasota, Florida 34243.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201(a), and 2202.

5.      Personal jurisdiction over Cooper comports with the United States Constitution because Cooper is incorporated in Delaware.  Further, on information and belief, Cooper does business in this district.

6.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400.

7.      By virtue of the allegations in Plaintiff's Complaint and Twitter's Answer thereto, an actual controversy exists between Twitter and Plaintiff as to whether the patent-in-suit is valid and/or not infringed by Twitter.

## FIRST COUNTERCLAIM

### Declaration of Non-Infringement of the '428 Patent

8.      Twitter restates and incorporates by reference each of the allegations of paragraphs 1 through 7 of Section III of this Answer and Counterclaim.

9.      Plaintiff claims to be the owner of the '428 Patent and claims to have the right to enforce the '428 Patent.

10.     Plaintiff in this action alleges infringement of the '428 Patent by Twitter.

11.     Twitter is not infringing, has not infringed, and is not liable for any infringement of any valid claim of the '428 Patent, and Plaintiff is entitled to no relief of any claim in the Complaint for, *inter alia,* the reasons stated in paragraphs 1 through 8 of Section II of this Answer and Counterclaim.

## SECOND COUNTERCLAIM

### Declaration of Invalidity of the '428 Patent

12.    Twitter restates and incorporates by reference each of the allegations of paragraphs 1 through 11 of Section III of this Answer and Counterclaim.

13.    The '428 Patent is invalid for failure to meet one or more of the conditions for patentability specified in Title 35, U.S.C., or the rules, regulations, and law related thereto, including, without limitation, in 35 U.S.C. §§ 101, 102, 103, and/or 112.

### PRAYER FOR RELIEF

WHEREFORE, Twitter prays for judgment with respect to Cooper Notification, Inc.'s Complaint and Twitter's Defenses and the above Counterclaims as follows:

A.    A judgment in favor of Twitter denying Plaintiff all relief requested in its Complaint in this action and dismissing Plaintiff's Complaint with prejudice;

B.    A declaration that Twitter has not infringed and is not infringing, either literally or by virtue of the doctrine of equivalents, any valid or enforceable claims of the '428 Patent, and that Twitter has not contributed to or induced, and is not contributing to or inducing, infringement of the '428 Patent;

C.    A declaration that the claims of the '428 Patent are invalid and unenforceable;

D.    A judgment awarding Twitter prejudgment and post-judgment interest and its costs incurred in this action; and

E.    Any and all other relief to which Twitter may be entitled or which this Court deems just and proper.

## IV.

## DEMAND FOR JURY TRIAL

Twitter demands trial by jury on all issues so triable.

ASHBY & GEDDES

*/s/ John G. Day*

John G. Day (I.D. #2403)
Lauren E. Maguire (I.D. #4261)
Caroline Hong (I.D. #5189)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
302-654-1888
jday@ashby-geddes.com
lmaguire@ashby-geddes.com
chong@ashby-geddes.com

*Attorneys for Defendant Twitter Inc.*

*Of Counsel:*

Lynn H. Pasahow
Fenwick & West LLP
801 California Street
Mountain View, CA 94041
(650) 988-8500

Dated: January 22, 2010

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on the 22ND day of January, 2010, the attached **TWITTER, INC.'S**

**ANSWER, DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF COOPER**

**NOTIFICATION, INC.'S AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

was served upon the below-named counsel of record at the address and in the manner indicated:

Philip A. Rovner, Esquire                               <u>HAND DELIVERY</u>
Potter Anderson & Corroon LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE  19899

Paul J. Andre, Esquire                               <u>VIA ELECTRONIC MAIL</u>
King & Spalding LLP
333 Twin Dolphin Drive
Suite 400
Redwood City, CA  94065

Frederick L. Cottrell, III, Esquire                   <u>HAND DELIVERY</u>
Richard, Layton & Finger
One Rodney Square
920 North King Street
Wilmington, DE  19801

Edward A. Cavazos, Esquire                        <u>VIA ELECTRONIC MAIL</u>
Bracewell & Giuliani LLP
111 Congress Avenue, Suite 2300
Austin, TX  78701

Stamatios Stamoulis, Esquire                       <u>HAND DELIVERY</u>
Stamoulis & Weinblatt LLC
Two Fox Point Centre
6 Denny Road, Suite 307
Wilmington, DE  19801

/s/ *John G. Day*

John G. Day