IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| COOPER NOTIFICATION, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 09-865-JJF |
| | ) | |
| TWITTER, INC., EVERBRIDGE INC., | ) | **JURY TRIAL DEMANDED** |
| RAVE WIRELESS INC., FEDERAL SIGNAL | ) | |
| CORP., | ) | |
| | ) | |
| Defendants. | ) | |

**FEDERAL SIGNAL CORP.'S ANSWER, DEFENSES, AND COUNTERCLAIMS TO
PLAINTIFF COOPER NOTIFICATION, INC.'S
AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

**I. ANSWER**

Defendant Federal Signal Corp. ("Federal Signal"), by and through its undersigned

counsel, hereby answers the Amended Complaint for Patent Infringement ("Complaint") of

Plaintiff Cooper Notification, Inc. ("Cooper") as follows:

**A. THE PARTIES**

1.      Federal Signal lacks sufficient knowledge or information to form a belief as to

the truth or falsity of the allegations in paragraph 1 of the Complaint and therefore denies

them.

2.      Federal Signal lacks sufficient knowledge or information to form a belief as to

the truth or falsity of the allegations in paragraph 2 of the Complaint and therefore denies them.

3.      Federal Signal lacks sufficient knowledge or information to form a belief as to

the truth or falsity of the allegations in paragraph 3 of the Complaint and therefore denies

them.

Dockets.Justia.com

4.      Federal Signal lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 4 of the Complaint and therefore denies them.

5.      Federal Signal admits it is a Delaware corporation with its corporate headquarters located at 1415 W. 22nd Street, Suite 1100, Oak Brook, Illinois 60523.

## B. JURISDICTION AND VENUE

6.      Federal Signal admits that the Complaint is an action for alleged patent infringement under the patent laws of the United States, Title 35 of the United States Code, and admits that this Court has subject matter jurisdiction over such actions based on 28 U.S.C. §§ 1331 and 1338. Federal Signal denies any allegation of infringement of the patent identified in the Complaint.

7.      Federal Signal admits that Plaintiff purports to aver that venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c) and/or 28 U.S.C. § 1400(b). Federal Signal admits that it does business in this judicial district and that it is a Delaware corporation. Federal Signal lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 7 pertaining to named defendants other than Federal Signal and therefore denies them. Federal Signal denies the remaining allegations contained in Paragraph 7 of the Complaint.

## C. PLAINTIFF'S PATENT

8.      Federal Signal admits that what appears to be a copy of United States Patent No. 7,409,428 ("the '428 Patent") is attached as Exhibit A to the Amended Complaint. Federal Signal further admits that the face of what appears to be the '428 Patent indicates that its title is "Systems and Methods for Messaging to Multiple Gateways", that the named inventors are Frantisek Brabec, David R. Drescher, Daniel A. Gadra, Daniel D. Park, and Richard A. Tiene,

and that the named assignee is Cooper Technologies Company.  Federal Signal is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 8 of the Complaint and therefore denies them.

9.      Federal Signal admits that the '428 Patent specification is generally directed to systems and methods for providing message communication among multiple gateways. To the extent the allegations set forth in Paragraph 9 of the Complaint are directed toward the claims of the '428 Patent, those allegations call for a legal conclusion and do not require a response.

## D.  FIRST CAUSE OF ACTION

### (Infringement of the '428 Patent — Twitter)

10.     In response to this Paragraph, Federal Signal incorporates by reference its responses to paragraphs 1 through 9 of the Answer above as if fully set forth herein.

11.     Federal Signal lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 11 of the Complaint.

12.     Federal Signal lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph in paragraph 12 of the Complaint.

13.     Federal Signal lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 13 of the Complaint.

## E.  SECOND CAUSE OF ACTION

### (Infringement of the '428 Patent — Everbridge)

14.     In response to this Paragraph, Federal Signal incorporates by reference its responses to paragraphs 1 through 9 of the Answer above as if fully set forth herein.

15.     Federal Signal lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 15 of the Complaint and therefore denies them.

16.     Federal Signal lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 16 of the Complaint and therefore denies them.

17.     Federal Signal lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 17 of the Complaint and therefore denies them.

## F.  THIRD CAUSE OF ACTION

### (Infringement of the '428 Patent — Rave Wireless)

18.     In response to this Paragraph, Federal Signal incorporates by reference its responses to paragraphs 1 through 9 of the Answer above as if fully set forth herein.

19.     Federal Signal lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 19 of the Complaint and therefore denies them.

20.     Federal Signal lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 20 of the Complaint and therefore denies them.

21.     Federal Signal lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 21 of the Complaint and therefore denies them.

## G.  FOURTH CAUSE OF ACTION

### (Infringement of the '428 Patent — Federal Signal)

22.     In response to this Paragraph, Federal Signal incorporates by reference its responses to paragraphs 1 through 9 of the Answer above as if fully set forth herein.

23.     Federal Signal denies the allegations contained in paragraph 23 of the Complaint.

24.     Federal Signal denies the allegations contained in paragraph 24 of the Complaint.

25.     Federal Signal denies the allegations contained in paragraph 25 of the Complaint.

## H.  PRAYER FOR RELIEF

Federal Signal denies that Plaintiff is entitled to the relief it seeks or any relief at all for

the allegations made in the Complaint.  Federal Signal denies all other allegations in the

Complaint that have not been specifically admitted in paragraphs 1-25 above.

## I.  DEMAND FOR A JURY TRIAL

Federal Signal admits that Plaintiff requests a jury trial.

## II.  AFFIRMATIVE DEFENSES

For its Affirmative Defenses to the Complaint, Federal Signal alleges as follows:

### A.  FIRST AFFIRMATIVE DEFENSE – NON-INFRINGEMENT

1.      Federal Signal has not infringed, and does not infringe, and is not liable for any

infringement of the '428 Patent directly, contributorily, by inducement, or in any other manner.

### B.  SECOND AFFIRMATIVE DEFENSE – INVALIDITY

2.      The claims of the '428 patent are not entitled to the priority date of the earlier

filed provisional applications.  Regardless of whether the '428 patent receives the benefit of

the provisional application filing dates, however, the '428 Patent is invalid for failure to meet

one or more of the conditions for patentability specified in Title 35, U.S.C. § 1 et. seq., or the

rules, regulations, and law related thereto, including, without limitation, 35 U.S.C. §§ 101,

102, 103, and/or 112.

### C.  THIRD AFFIRMATIVE DEFENSE – ESTOPPEL

3.      Federal Signal is informed and believes, and thereon alleges, that the relief sought

by Plaintiff is barred under the doctrine of prosecution history estoppel.

### D.  FOURTH AFFIRMATIVE DEFENSE – DEDICATION TO THE PUBLIC

4.      The relief sought by Plaintiff is barred, in whole or in part, because Plaintiff

dedicated to the public all methods, systems and products disclosed in the patents-in-suit but not literally claimed therein.

### E.  FIFTH AFFIRMATIVE DEFENSE – LIMITATION ON DAMAGES

5.      Plaintiff's claim for damages is barred, in whole or in part, by 35 U.S.C. § 287 and/or Plaintiff's failure to plead notice thereunder.

### F.  SIXTH AFFIRMATIVE DEFENSE – LACHES

6.      The doctrine of laches bars Plaintiff from obtaining all, or part, of the relief it seeks because Plaintiff delayed filing suit for an unreasonable and inexcusable length of time to the prejudice of Federal Signal.

### G.  SEVENTH AFFIRMATIVE DEFENSE – UNENFORCEABILITY DUE TO INEQUITABLE CONDUCT

7.      On information and belief, the '428 patent is unenforceable due to inequitable conduct on the part of the applicants for the '428 patent.

8.      The claims of the '428 patent are not entitled to the priority date of the earlier filed provisional applications.  Regardless of whether the '428 patent receives the benefit of the provisional application filing dates, however, on information and belief, the applicants for the '428 patent knew of the REACTecn$^{TM}$ system (also sometimes referred to as REACT$^{TM}$) sold, offered for sale, publicly disclosed by the applicants, and/or in public use more than one year before the priority date of the application for the '428 patent.

9.      On information and belief, the REACTecn$^{TM}$ system is highly material to the patentability of the '428 patent.

10.      On information and belief, there is a substantial likelihood that a reasonable patent examiner would consider REACTecn$^{TM}$ important in deciding whether to allow the applications to issues as the '428 patent.

11.     On information and belief, the applicants for the '428 patent failed to cite REACTecn™ to the U.S. Patent & Trademark Office ("PTO") during prosecution of the applications that lead to the '428 patent.

12.     On information and belief, the applicants' failure to cite REACTecn™ to the U.S. PTO was done with deceptive intent.

## H. EIGHTH AFFIRMATIVE DEFENSE – UNENFORCEABILITY DUE TO INEQUITABLE CONDUCT

13.     On information and belief, the '428 patent is unenforceable due to inequitable conduct on the part of the applicants for the '428 patent.

14.     The claims of the '428 patent are not entitled to the priority date of the earlier filed provisional applications.  Regardless of whether the '428 patent receives the benefit of the provisional application filing dates, however, on information and belief, the applicants for the '428 patent knew of the RoaMail™ system sold, offered for sale, publicly disclosed by the applicants and that it was in public use more than one year before the priority date for the '428 patent.  Specifically, on information and belief, the inventor and founder of Roam Secure, Inc., and others, publicly disclosed this system and knew that it was in public use and on sale more than a year before the filing date of the provisional application.

15.     On information and belief, during prosecution of the applications that became the '428 patent, the applicants had to amend what became independent claim 1 to add the following limitation for that claim to be patentable:

> "wherein converting further comprises reformatting, for each of the one or more gateway messages, the first message received from the alert originator to a format in which the communication gateway associated with the gateway message will accept and perform operations in response to the incoming gateway message and forming an address for each of the one or more gateway messages to include the domain name information associated with the communication gateway or the user identification information associated with the registered user receiving the second message."

16.     On information and belief, during prosecution of the applications that became the '428 patent, the applicants had to amend what became independent claim 12 to add the following limitation for that claim to be patentable:

> "wherein the first messaging subsystem is configured to reformat, for each of the one or more gateway messages, the first message received from the alert originator to a format in which the communication gateway associated with the gateway message will accept and perform operations in response to the incoming gateway message; and wherein the first messaging subsystem is configured to form an address for each of the one or more gateway messages to include the domain name information associated with the communication gateway or the user identification information associated with the registered user receiving the second message."

17.     The U.S. Patent & Trademark Examiner explicitly stated that the claims were allowed because the prior art he had before him did not disclose the limitations added to claims 1 and 12.

18.     On information and belief, the RoaMail$^{TM}$ system is highly material to the patentability of the '428 patent.  On information and belief, the RoaMail$^{TM}$ system was publicly disclosed, sold, offered for sale and in public use more than a year before the applicants filing date and included, among other limitations, the above cited limitations that were required for the claims to be patentable.

19.     On information and belief, a reasonable patent examiner would consider RoaMail$^{TM}$ important in deciding whether to allow the applications to issues as the '428 patent.

20.     On information and belief, the applicant for the '428 patent failed to cite RoaMail$^{TM}$ to the U.S. Patent & Trademark Office ("PTO") during prosecution of the applications that lead to the '428 patent.

21.     On information and belief, the applicants' failure to cite RoaMail$^{TM}$ to the U.S. PTO was done with deceptive intent.

## I. RESERVATION OF ADDITIONAL AFFIRMATIVE DEFENSES

22.     Federal Signal reserves the right to assert additional defenses in the event that discovery or other analysis indicates that additional affirmative defenses are appropriate.

## III.  COUNTERCLAIMS

For its Counterclaims against Plaintiff, Defendant and Counterclaimant Federal Signal Corp. ("Federal Signal") alleges as follows:

1.      Federal Signal counterclaims against Plaintiff pursuant to the patent laws of the United States, Title 35 of the United States Code, and laws authorizing actions for declaratory judgment in the courts of the United States, 28 U.S. C. §§ 2201 and 2202, and Federal Rule of Civil Procedure 13.

### A.  THE PARTIES

2.      Federal Signal is a Delaware corporation with its principal place of business at 1415 W. 22nd Street, Suite 1100, Oak Brook, Illinois 60523.

3.      Upon information and belief, Plaintiff Cooper Notification, Inc. ("Cooper") is a Delaware corporation with its principal place of business at 7565 Commerce Court, Sarasota, Florida 34243.

### B.  JURISDICTION AND VENUE

4.      This Court has jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201(a), and 2202.

5.      Personal jurisdiction over Cooper comports with the United States Constitution because Cooper is incorporated in Delaware. Further, on information and belief, Cooper does business in this district.

6.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400.

7.      By virtue of the allegations in Plaintiff's Complaint and Federal Signal's Answer thereto, an actual controversy exists between Federal Signal and Plaintiff as to whether the patent-in-suit is valid, unenforceable and/or not infringed by Federal Signal.

## C.  FIRST COUNTERCLAIM

### Declaration of Non-Infringement of the '428 Patent

8.      Federal Signal restates and incorporates by reference each of the allegations of paragraphs 1 through 7 of Section III of this Answer and Counterclaim.

9.      Plaintiff claims to be the owner of the '428 Patent and claims to have the right to enforce the '428 Patent.

10.     Plaintiff in this action alleges infringement of the '428 Patent by Federal Signal.

11.     Federal Signal is not infringing, has not infringed, and is not liable for any infringement of any valid claim of the '428 Patent, and Plaintiff is entitled to no relief of any claim in the Complaint for, inter alia, the reasons stated in paragraphs 1 through 8 of Section II of this Answer and Counterclaim.

## D.  SECOND COUNTERCLAIM

### Declaration of Invalidity of the '428 Patent

12.     Federal Signal restates and incorporates by reference each of the allegations of paragraphs 1 through 11 of Section III of this Answer and Counterclaim.

13.     The '428 Patent is invalid for failure to meet one or more of the conditions for patentability specified in Title 35, U.S.C., § 1 *et seq.* or the rules, regulations, and law related thereto, including, without limitation, in 35 U.S.C. §§ 101, 102, 103, and/or 112.

## E.  THIRD COUNTERCLAIM

### Declaration of Unenforceability of the '428 Patent

14.     Federal Signal restates and incorporates by reference each of the allegations of paragraphs 1-21 of Section II of this Answer and paragraphs 1 through 13 of Section III of this Answer and Counterclaim.

15.     Plaintiff's '428 patent is unenforceable due inequitable conduct in prosecuting the applications that lead to the '428 patent.

## IV.  PRAYER FOR RELIEF

**WHEREFORE**, Federal Signal prays for judgment with respect to Cooper Notification, Inc.'s Complaint and Federal Signal's Defenses and the above Counterclaims as follows:

A.     A judgment in favor of Federal Signal denying Plaintiff all relief requested in its Complaint in this action and dismissing Plaintiff's Complaint with prejudice;

B.     A declaration that Federal Signal has not infringed and is not infringing, either literally or by virtue of the doctrine of equivalents, any claims of the '428 Patent, and that Federal Signal has not contributed to or induced, and is not contributing to or inducing, infringement of the '428 Patent;

C.     A declaration that the claims of the '428 Patent are invalid and unenforceable;

D.     A judgment awarding Federal Signal prejudgment and post-judgment interest and its costs incurred in this action;

E.     A judgment finding the case exceptional and awarding Federal Signal its costs and attorneys' fees; and

F.     Any and all other relief to which Federal Signal may be entitled or which this Court deems just and proper.

## V.  DEMAND FOR JURY TRIAL

Federal Signal demands trial by jury on all issues so triable.

YOUNG CONAWAY STARGATT
& TAYLOR, LLP


*/s/ John W. Shaw*
John W. Shaw (No. 3362)
James L. Higgins (No. 5021)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
(302) 571-6600
jshaw@ycst.com

*Attorneys for Defendant Federal Signal Corp.*

Of Counsel:

MERCHANT & GOULD P.C.
Daniel W. McDonald
Thomas J. Leach
3200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402

Dated: February 26, 2010

## CERTIFICATE OF SERVICE

I, John W. Shaw, Esquire, hereby certify that on February 26, 2010, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

Philip A. Rovner, Esquire
Potter Anderson & Corroon LLP
1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
*provner@potteranderson.com*

*Attorneys for Plaintiff*

Frederick L. Cottrell, III, Esquire
Laura D. Hatcher, Esquire
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
*cottrell@rlf.com*
*hatcher@rlf.com*

*Attorneys for Defendant Everbridge Inc.*

John G. Day, Esquire
Lauren E. Maguire, Esquire
Caroline Hong, Esquire
Ashby & Geddes
500 Delaware Avenue
P.O. Box 1150
Wilmington, DE 19899
*jday@ashby-geddes.com*
*lmaguire@ashby-geddes.com*
*chong@ashby-geddes.com*

*Attorneys for Defendant Twitter Inc.*

Stamatios Stamoulis, Esquire
Richard C. Weinblatt, Esquire
Stamoulis & Weinblatt LLC
Two Fox Point Centre
6 Denny Road, Suite 307
Wilmington, DE 19809
*stamoulis@swdelaw.com*
*winblatt@swdelaw.com*

*Attorneys for Defendant Rave Wireless Inc.*

I further certify that on February 26, 2010, I caused a true and correct copy of the foregoing document to be served by e-mail on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

### BY E-MAIL

Paul J. Andre, Esquire
Lisa Kobialka, Esquire
James R. Hannah, Esquire
Sean M. Boyle, Esquire
King & Spalding LLP
333 Twin Dolphin Drive
Suite 400
Redwood Shores, CA  94065
*pandre@kslaw.com*
*lkobialka@kslaw.com*
*jhannah@kslaw.com*
*sboyle@kslaw.com*

*Attorneys for Plaintiff*

Edward Cavazos, Esquirqe
Michael Chibib, Esquire
Joshua L. Tucker, Esquire
Bracewell & Guiliani LLP
111 Congress Avenue, Suite 2300
Austin, TX  78701
*ed.cavazos@bgllp.com*
*michael.chibib@bgllp.com*
*josh.tucker@bgllp.com*

*Attorneys for Defendant Everbridge Inc.*

2

Lynn H. Pasahow, Esquire
J. David Hadden, Esquire
David D. Schumann, Esquire
Elizabeth J. White, Esquire
Phillip J. Haack, Esquire
Fenwick & West, LLP
801 California Street
Mountain View, CA 94041
lpasahow@fenwick.com
dhadden@fenwick.com
dschumann@fenwick.com
bwhite@fenwick.com
phaack@fenwick.com

*Attorneys for Defendant Twitter Inc.*

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ John W. Shaw*
John W. Shaw (No. 3362)
James L. Higgins (No. 5021)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19899
(302) 571-6600
jshaw@ycst.com

*Attorneys for Defendant Federal Signal Corp.*

3