

Potter
Anderson
&Corroon LLP

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000

www.potteranderson.com

**Philip A. Rovner**
Partner
provner@potteranderson.com
(302) 984-6140   Direct Phone
(302) 658-1192   Fax

December 13, 2011

**BY E-FILE AND HAND DELIVERY**

**PUBLIC VERSION
DECEMBER 20, 2011**

The Honorable Leonard P. Stark
U.S. District Court for the District of Delaware
U.S. Courthouse
844 King Street
Wilmington, DE 19801

     Re:  Cooper Notification, Inc. v. Twitter, Inc., et al.,
         D. Del., C.A. No. 09-865-LPS

Dear Judge Stark:

  Cooper Notification, Inc. ("Cooper") submits this letter brief in response to Federal Signal, Inc.'s ("Federal Signal") letter brief filed with the Court on December 12, 2011. D.I. 341.

  Defendants' deposition conduct in this action is questionable, at best. When faced with witnesses' testimony that was not supportive of their far-fetched defense theories, Defendants would cry foul and demand additional, different testimony. Such is the case with Federal Signal's current request to the Court. As the facts demonstrate, however, Cooper provided Federal Signal with accurate and complete testimony on all of the 30(b)(6) deposition topics, and there is no basis for Federal Signal's request for additional testimony and sanctions.

  Federal Signal noticed the depositions of all five inventors, and several Cooper executives pursuant to Rule 30(b)(1). Additionally, Federal Signal served a Rule 30(b)(6) deposition notice on Cooper listing 28 topics. Scott Hearn and Ted Milburn were two of the executives noticed for deposition, and Cooper agreed to make both of them available on consecutive days in New York City. Additionally, Cooper informed Federal Signal that these two witnesses would also be prepared to testify on several of the topics in the 30(b)(6) notice. Specifically, Mr. Hearn was designated to testify on five of the topics noticed by Federal Signal, and Mr. Milburn was designated to testify on nine of the topics. Both witnesses were relatively new Cooper employees, but were provided with a considerable number of documents prior to the deposition and each met with Cooper's attorneys for several hours to prepare to testify on the relevant topics.

During the course of Mr. Milburn's contentious deposition, in which counsel consistently challenged his answers,[1] it became clear that Mr. Milburn could not remember a few of the topics he was designated to testify about, and he was confusing facts that happened years before he joined the company. Accordingly, Cooper properly and in good faith de-designated Mr. Milburn as a witness testifying on behalf of Cooper for two of the nine Federal Signal topics.[2] Federal Signal was then provided with other witnesses for those two Federal Signal topics. Given that a party may use deposition testimony for any purpose, each party has a vested interest in ensuring that the best and most accurate testimony is obtained during the deposition. *See* Fed. R. Civ. P. 32(a)(2). Cooper properly de-designated Mr. Milburn on the two Federal Signal topics when it became clear that he was struggling with them. Cooper then provided another witness to cover some of those same topics the very next day in the same location. Moreover, Mr. Milburn was able to provide complete testimony on seven of the 30(b)(6) topics, as well as testimony in his personal capacity pursuant to Rule 30(b)(1). All told, counsel for Defendants spent 9 hour and 40 minute deposing Mr. Milburn – directly contradicting Federal Signal's contention that Mr. Milburn's deposition was a wash.

The facts of life are that sometimes a 30(b)(6) witness forgets his preparation or is nervous, and is unable to function as a company spokesman on a particular topic. *See Penn Mutual Life Ins. Co. v. Rodney Reed 2006 Ins. Trust*, No. 09-0663, 2011 WL 1636985, at *4 (D. Del. Apr. 29, 2011) quoting *Belmont Holdings Corp. v. Unicare Life & Health Ins. Co.*, No. 98-2365, 2000 WL 1920039, at *2 (E.D. Pa. Dec. 1, 2000) ("An inability to fully testify on all topics set forth in a 30(b)(6) notice is not tantamount to a complete failure of the corporate designee to appear that would justify sanctions."). Cooper merely de-designated Mr. Milburn on two Federal Signal topics with which he was having difficulty. Cooper did not refuse to provide witnesses for those topics, nor did Cooper cause any deviation in Defendants' deposition plans because Defendants took Mr. Milburn's deposition for a full day, and proceeded to take Mr. Hearn's deposition the next day in the same venue as scheduled. Cooper's actions were entirely proper, and in no way burdened or prejudiced Defendants.

Where Mr. Milburn did provide complete 30(b)(6) testimony, Federal Signal nevertheless complains that he did not adequately respond to Federal Signal's deposition questions on several topics. For example, Federal Signal argues that Mr. Milburn did not provide complete testimony with respect to competition. As Cooper reiterated to Defendants on several occasions, Mr. Milburn provided Defendants with Cooper's position regarding any relevant competition. ■

[redacted]

---

[2] Mr. Milburn was designated to testify on 11 topics Everbridge noticed, and was de-designated for 3 of those topics.

The Honorable Leonard P. Stark
December 13, 2011
Page 3

██████████████████████████████████ Federal Signal has not indicated what further information it seeks from Cooper regarding competition.

In regard to Federal Signal's complaint that Mr. Milburn was not prepared to speak about document collection, Cooper informed Defendants that his testimony was Cooper's factual response to the topic and the testimony was complete. ██████████████████████████████████ Counsel for Federal Signal never asked Mr. Milburn any additional questions regarding document collection. Consequently, and despite Federal Signal's allegation that Cooper agreed to provide another witness regarding document collection, this topic was not one of the topics for which Mr. Milburn was de-designated. *See e.g.* D.I. 341 at 2. Fed. R. Civ. P. 30(b)(6) requires that a witness be prepared with "reasonable particularity." ██████████████████████████████████ Mr. Milburn was properly prepared and testified sufficiently as to how and from where documents were collected.

Cooper provided Federal Signal with witnesses to testify on all relevant 30(b)(6) topics, and cooperated with Defendants on providing party and third-party (former employees) witnesses for depositions. The two depositions noticed for New York City lasted two full days, completely covered the 30(b)(1) depositions of two of Cooper's executives, and covered at least 12 of the 28 30(b)(6) topics noticed by Federal Signal. There was no inconvenience, burden, or increased cost to any of the Defendants due to Cooper's de-designation of Mr. Milburn on two of the nine Federal Signal topics which he was originally designated to testify about, nor was there any impropriety in Cooper's de-designation, especially given that Cooper agreed to produce different witnesses for those topics. As such, Federal Signal's motion should be denied.

Respectfully,

*/s/ Philip A. Rovner*

Philip A. Rovner
provner@potteranderson.com

PAR/mes/1038946
cc: Counsel of Record – By CM/ECF and E-mail
Public Version: December 20, 2011

# Exhibit A
# Filed Under Seal

# THIS EXHIBIT HAS BEEN REDACTED IN ITS ENTIRETY

# Exhibit B
# Filed Under Seal

# THIS EXHIBIT HAS BEEN REDACTED IN ITS ENTIRETY