## YOUNG CONAWAY STARGATT & TAYLOR, LLP

|  |  |  |
|---|---|---|
| JAMES L. HIGGINS<br>DIRECT DIAL: (302) 571-5034<br>DIRECT FAX: (302) 576-3543<br>jhiggins@ycst.com | THE BRANDYWINE BUILDING<br>1000 WEST STREET, 17TH FLOOR<br>WILMINGTON, DELAWARE 19801<br><br>P.O. BOX 391<br>WILMINGTON, DELAWARE 19899-0391 | (302) 571-6600<br>(302) 571-1253 FAX<br>(800) 253-2234 (DE ONLY)<br>www.youngconaway.com |

December 12, 2011

**BY E-FILE AND HAND DELIVERY**
The Honorable Leonard P. Stark
United States District Court
844 N. King Street
Wilmington, Delaware 19801



PUBLIC VERSION

Re: *Cooper Notification, Inc. v. Federal Signal Corp., et al.,* C.A. No. 09-865-LPS

Dear Judge Stark:

Federal Signal Corp. ("Federal Signal") submits this letter as its motion for sanctions against Plaintiff Cooper Notification ("Cooper") for improperly preparing Rule 30(b)(6) witnesses and designating witnesses for 30(b)(6) deposition topics who admittedly were not prepared on many topics. Defendants seek their costs and fees associated with preparing for, traveling to, and taking a required additional deposition. Defendants also seek the option, if needed, to take a 30(b)(6) deposition prior to trial to authenticate any of Cooper's documents because, despite Cooper twice having designated purportedly prepared witnesses, neither of Cooper's 30(b)(6) designees was prepared to do so.

<u>Cooper's Failure to Produce Knowledgeable Rule 30(b)(6) Deponents</u>

Defendants noticed, prepared for, and traveled to New York to take the 30(b)(6) deposition of Cooper on various topics. (Ex. A and B.) Cooper designated its Vice President of Marketing, Mr. Milburn, on topics 11, 12, 14, 15, 21, 23, 24, 26, and 28, which include the facts related to Defendants' on-sale bar and public use and disclosure defenses (Topic 11), competition from 2007 to the present (Topic 12) and financial information (Topic 28). Mr. Milburn, who started working for Cooper in January of 2010 and had almost no independent knowledge about these topics, should have spoken with the inventors and founders of Roam Secure, Inc.[1] and Cooper's employees to prepare. However, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

For example, during the deposition and after a break, Mr. Milburn asked ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

---

[1] As the Court will recall Cooper purchased Roam Secure Inc., which developed and sold the REACT (later named RSAN) product.

 However, the witness could not explain why that document prompted the clarification. (Ex. C at 74:10-75:18.) When pressed on the issues, it was clear that Mr. Milburn was simply parroting what the attorneys told him to say under oath without any independent factual information. (*Id.* at 77:5-79:5.) Similarly, Mr. Hearn ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

Towards the end of Mr. Milburn's deposition, Cooper admitted that the witness was not prepared for Everbridge's Topics 11, 18, and 30 and withdrew the witness from those topics and agreed to provide another witness. (Ex. C at 161:14-163:18.) These topics include Federal Signal's Topics 11 and 28.

Mr. Milburn was also designated to testify on Federal Signal's 30(b)(6) Topic No. 12 relating to competition from 2007 to the present. However,  Despite these admissions, Cooper refused to provide another witness to cover topic 12 from 2007 to January 2010. (Ex. F at Par. 10.) Mr. Milburn was also designated to testify on Topic No. 23 covering document collection. (Ex. G.) However, ▇▇▇▇▇▇▇ Cooper then agreed to provide another witness, David Drescher, on Cooper's document collection in this case. (Ex. H at Par. 9.) When Defendants flew out to California to take Mr. Drescher's deposition, including Topic No. 23, Mr. Drescher ▇▇▇▇▇▇▇

Defendants were entitled to depose knowledgeable corporate representatives about the <u>facts</u> for each topic and not simply to receive litigation counsel's conclusions without the ability to test the factual support underlying their testimony. *See In re Neurontin Antitrust Litig.*, 2011 U.S. Dist. LEXIS 6977, at *34-37 (D.N.J. Jan. 24, 2011) (finding a corporation has a duty to fully educate a witness and not merely regurgitate counsel's position). A corporation has a duty to designate a Rule 30(b)(6) witness who is prepared to give binding answers on its behalf. *See Penn Mut. Life Ins. Co. v. Rodney Reed 2006 Ins. Trust*, 2011 U.S. Dist. LEXIS 46825, at *4 (D. Del. Apr. 25, 2011). The failure to provide a prepared witness constitutes a violation of Rule 37(d). Fed. R. Civ. P. 37(d); *see also Black Horse Lane Assoc., L.P. v. Dow Chem. Corp.*, 228 F.3d 275, 304 (3d Cir. 2000) ("[W]hen a witness is designated by a corporate party to speak on its behalf pursuant to Rule 30(b)(6), 'producing an unprepared witness is tantamount to a failure to appear' that is sanctionable under Rule 37(d).").[2]

---

[2] Rule 37(d) further specifies that a refusal to designate a witness cannot be excused on the ground that the discovery is objectionable "unless the party failing to act has a pending motion for a protective order as provided by Rule 26(c)." A corporation must either designate a witness

   Accordingly, Federal Signal seeks sanctions for having to attend the depositions of unprepared witnesses. Counsel will subsequently provide documentation and declarations to support and itemize any award of fees and costs, including those related to bringing this Motion.

            Respectfully submitted,

            /s/ *James L. Higgins*

            James L. Higgins (No. 5021)

JLH: Enclosures

cc: Clerk of the Court
   Phillip Rovner, Esquire (via e-mail)

---

or move for a protective order with respect to each topic of a Rule 30(b)(6) deposition notice. *See, e.g., Ferko v. National Ass'n for Stock Car Auto Racing, Inc.*, 218 F.R.D. 125, 142 (E.D. Tex. 2003). It does not matter that a party has served objections to Rule 30(b)(6) topics, because Fed. R. Civ. P. 37(d) provides that the only manner of objecting to a Rule 30(b)(6) notice is to move for a protective order pursuant to Rule 26(c). *Id.* Cooper never filed a protective order with respect to any of the Rule 30(b)(6) topics, and therefore its failure to provide prepared designated corporate witnesses to testify as to topics, such as 11, 12, 23, 24 and 28 is "inexcusable under the Federal Rules of Civil Procedure." *Id.* at 144.