# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| COOPER NOTIFICATION, INC., | ) | |
| Plaintiff, | ) ) ) | Civil Action No. 09-865-LPS |
| v. | ) ) ) | |
| TWITTER, INC., a Delaware corporation, EVERBRIDGE INC., a Delaware corporation, RAVE WIRELESS INC., a Delaware corporation, and FEDERAL SIGNAL CORP., a Delaware corporation, | ) ) ) ) ) ) | |
| Defendants. | ) | |

### DEFENDANT FEDERAL SIGNAL CORP.'S NOTICE OF RULE 30(b)(6) DEPOSITION TO COOPER NOTIFICATION, INC.

PLEASE TAKE NOTE that pursuant to 30(b)(6) of the Federal Rules of Civil Procedure, Defendant Federal Signal Corp. ("Federal Signal") will take the deposition by oral testimony of Plaintiff Cooper Notification, Inc. ("Cooper"). Pursuant to Rule 30(b)(6), Cooper shall designate one or more of its officers, directors, managing agents or other persons to testify on its behalf as to information known or reasonably available to Cooper concerning the Deposition Topics identified below identified in the Schedule of Topics in Attachment A.

The deposition shall take place on Tuesday, October 4, 2011 at 9:00 a.m at either the offices of Fenwick & West, 801 California Street, Mountain View, CA 94306 or at the offices of Merchant & Gould, 1701 Duke Street, Suite 310, Alexandria, VA 22314, or at such other place, date and time mutually agreed upon by counsel or ordered by the Court, before a Notary public or other officer authorized to administer oaths. The testimony shall be recorded by stenographic and/or videographic means. Said deposition shall proceed from day to day until completed, Saturdays, Sundays and holidays excepted

YCST01: 11457671.1                                                                                    064195.1002

until completed or adjoined by the attorney taking the deposition.

In accordance with Fed. R. Civ. P. 30(b)(6), Cooper is advised of its duty to designate one or more of its officers, directors or other persons to testify on its behalf with respect to the matters identified in the Schedule of Topics. At least seven days before the deposition, Cooper is requested to identify to undersigned counsel the witnesses for each topic and to produce any documents, which have not previously been produced and which are in Cooper's (or the designated person's or persons') possession, custody, or control referring or relating to the topics.

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

*/s/ James L. Higgins*
John W. Shaw (No. 3362)
James L. Higgins (No. 5021)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
(302) 571-6600
jhiggins@ycst.com

Of Counsel:

MERCHANT & GOULD P.C.
Daniel W. McDonald
Thomas J. Leach
3200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402

*Attorneys for Defendant Federal Signal Corp.*

Dated:  September 22, 2011

## ATTACHMENT A

## DEFINITIONS

As used herein and in all further discovery requests, unless specified otherwise, the terms listed below shall be defined as follows:

1.    "FEDERAL SIGNAL" means Defendant FEDERAL SIGNAL CORP., its parents, subsidiaries, divisions, affiliates, predecessors, including, any present or former officers, directors, trustees, employees, agents, representatives, attorneys, or all other PERSONS acting, or purporting to act, on its behalf.

2.    "COOPER," "YOU," and/or "YOUR" mean Plaintiff COOPER NOTIFICATION, INC., its parents, subsidiaries, divisions, affiliates, predecessors, and any present or former officers, directors, trustees, employees, agents, representatives, attorneys, predecessors, successors, assigns, or all other PERSONS acting, or purporting to act, on its behalf, including without limitation Roam Secure, Inc.

3.    The term '428 PATENT" or "PATENT-IN-SUIT" means U.S. Patent No. 7,409,428 listing an issue date of May 27, 2008 and entitled "Wireless Communication Enabled Meter and Network."

4.    The term "RELATED PATENTS AND APPLICATIONS" means all patents and patent applications claiming priority to or from the PATENT-IN-SUIT, or claiming priority to a common patent application, or having common subject matter with the PATENT-IN-SUIT, including, without limitation, reexaminations, divisionals, continuations, continuations-in-part, foreign counterpart patents, and foreign counterpart patent applications, whether pending or abandoned, for any of the foregoing, including without limitation patent applications U.S. Serial Nos. 12/684,281; 12/684,210 ; 95/001,425; 13/015,312; and 13/041,032.

5.    "COMPLAINT" means the Complaint for Patent Infringement filed by COOPER

against FEDERAL SIGNAL on October 27, 2009 and the Amended Complaint filed on January 8, 2010.

6.     The term "THIS ACTION" shall refer to *Cooper Notification Inc. v. Federal Signal Corp. et al.,* United States District Court, District of Delaware, Case No. 1:09-cv-00865-LPS.

7.     The term "PATENTED PRODUCT" refers to any apparatus, product, device, system, process, method, act, or other instrumentality made, used, offered for sale, sold, imported or exported by YOU or any other PERSON that has ever practiced any invention described or claimed in the PATENT-IN-SUIT.

8.     The term "ACCUSED INSTRUMENTALITY" means any apparatus, product, device, system, process, method, act, or other instrumentality of FEDERAL SIGNAL that COOPER contends infringes the PATENT-IN-SUIT.

9.     "COMMUNICATION" or "COMMUNICATIONS" refers to all written, oral, telephonic, electronic, or other inquiries, dialogues, discussions, conversations, interviews, correspondence, consultations, negotiations, agreements, understandings, meetings, letters, notes, telegrams, advertisements, computer mail, e-mail, and all other DOCUMENTS evidencing any verbal or non-verbal interaction between PERSONS and entities.

10.    The term "DOCUMENT" or "DOCUMENTS" has the broadest meaning accorded that term by Fed. R. Civ. P. 34(a) and includes, but is not limited to, all of the items defined in Fed. R. Evid. 1001, and all preliminary and final drafts of any such item. The term shall include, but not be limited to, all written, electronic, phonic, graphic, and recorded matter of every type and description and every tangible thing that is or has been in YOUR possession, custody, or control, to which YOU have access, or of which YOU have knowledge. "DOCUMENTS" shall also include, but shall not be limited to, the following items, whether

printed or recorded or reproduced by hand: agreements, contracts, leases, COMMUNICATIONS (including intra-organization COMMUNICATIONS), electronic mail, correspondence, faxes, telegrams, cables, telexes, teletype messages, memoranda, records, books, diaries, notebooks, calendars (paper, electronic and otherwise), telephone and other logs, telephone and other bills, forecasts, statistical statements, accounts, invoices, purchase orders, receipts, billing records, tapes, expense vouchers, minutes, summaries and other records of meetings, conferences, negotiations, conversations, investigations and interviews, sales brochures and literature, advertisements, price lists, trade letters, press releases, stenographic, handwritten and any other notes, projections, working papers, checks (front and back), check stubs and receipts, models, surveys, devices, pictures, photographs, films, computer records, data compilations, and voice and video recordings. "DOCUMENTS" shall not be limited in any way as to the form of storage (such as paper, microfiche, magnetic tape, magnetic disk, CD-ROM, DVD, optical disk, or other storage device). A draft or non-identical copy is a separate DOCUMENT within the meaning of this term.

11.     "INDIVIDUAL" means a natural person.

12.     "PERSON" or "PERSONS" includes, but is not limited to, any natural persons in any capacity whatsoever, corporate or other business entities, and all other forms of legal entities, including divisions, subsidiaries, departments, and other units therein and shall include, but is not limited to the following: corporations, partnerships, joint ventures, voluntary or unincorporated associations, business organizations, trade organizations, standards organizations, governmental entities (including commissions, bureaus and departments), trusts, estates, sole proprietorships and all other entities similar to any of the foregoing, however denominated.

13.     "RELATE TO," "RELATING TO," "RELATES TO," "RELATED TO,"

"REFERRING TO," "CONCERNING" and "REGARDING" mean pertaining to, mentioning, commenting on, connected with, discussing, describing, analyzing, explaining, showing, reflecting, referring to, dealing with, comprising, consisting of, containing, resulting from, providing notice of, or recording a particular subject in whole or in part either directly or indirectly or being in any way logically or factually connected with the matter discussed or identified.

14.     "And" and "or" shall be understood as either conjunctive or disjunctive, whichever is more inclusive in content.

15.     "Any" and "all" shall be considered to include "each and every."

16.     The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of a noun or pronoun so used, and vice versa.

17.     A verb in one tense shall be considered to include within its meaning all other tenses.

## SCHEDULE OF TOPICS

1.     The conception of any and all inventions claimed or disclosed in the '428 PATENT or any RELATED PATENTS AND APPLICATIONS, including but not limited to the facts and circumstances surrounding such conception, the timing of such conception, all individuals who participated in or have knowledge of such conception, and the existence, identity, location and contents of any DOCUMENTS or things RELATING TO such conception.

2.     The written descriptions and reduction to practice of any and all inventions claimed or disclosed in the '428 PATENT or any RELATED PATENTS AND APPLICATIONS, including but not limited to the facts and circumstances surrounding such reduction to practice, the timing of such written descriptions and reduction to practice, all individuals who participated in or have knowledge of such written descriptions and reduction to

practice, and the existence, identity, location and contents of any DOCUMENTS or things RELATING TO such written descriptions and reduction to practice.

3.      The design, development and operation of any PATENTED PRODUCT, including any product, system or method, whether or not commercially released, that practiced or practices any invention claimed in the '428 PATENT or any RELATED PATENTS AND APPLICATIONS, and the identity of all individuals who participated in or have knowledge of any such design, development or operation, and the existence, identity, location and contents of any DOCUMENTS or things RELATING TO such design, development or operation.

4.      The design, development, functionality, operation, testing, sales, marketing, offers for sale, and/or public use of the REACT emergency notification system or other emergency notification systems, including but not limited to such activities prior to May 2003.

5.      The design, development, functionality, operation, testing, sales, marketing, offers for sale, and/or public use of the Roam Secure Alert Network (RSAN) emergency notification system, including but not limited to such activities prior to May 2003.

6.      The design, development, functionality, operation, testing, sales, marketing, offer for sale, and/or public use of the RoaMail product, including but not limited to such activities prior to May 2003.

7.      Ownership or acquisition of any invention claimed or disclosed in the '428 PATENT or any RELATED PATENTS AND APPLICATIONS by any PERSON or entity at any point in time.

8.      Any completed, attempted, solicited or requested assignments, licenses or other transfers of any interest in any inventions claimed or disclosed in the '428 PATENT or any

RELATED PATENTS AND APPLICATIONS, and any COMMUNICATIONS regarding the same.

9.      The circumstances surrounding dismissal of Rave Wireless, Inc. from THIS ACTION, including any settlement agreement with Rave Wireless, Inc. and any reports or payments by RAVE at the time of or after the settlement agreement was entered, and any products sold by RAVE that are subject to royalty payments under the agreement.

10.     The prosecution of the '428 PATENT or any RELATED PATENTS AND APPLICATIONS including but not limited to disclosures of information to the U.S. Patent and Trademark Office.

11.     Any sale, offer for sale, press releases, marketing, advertisement, public or private demonstration, public use or public knowledge of any invention claimed or disclosed in the '428 PATENT or any RELATED PATENTS AND APPLICATIONS occurring before April 22, 2003, and any facts related to any commercial or experimental motives or purposes for such activities.

12.     Competition involving PATENTED PRODUCTS sold by or on behalf of Cooper from 2007 to the present, the market for such products, and communications with customers or prospective customers about such products, including but not limited to sales and marketing materials.

13.     The sale, license, assignment, transfer, or other disposition of Roam Secure, Inc.'s assets, including intellectual property assets, products, inventory, DOCUMENTS, technology, or any other assets, and any licenses or technology transfer agreements between COOPER and any third party regarding technology incorporated in the PATENTED PRODUCTS.

14.     All interactions between COOPER or representatives thereof on one hand and FEDERAL SIGNAL or its representatives on the other hand concerning the business of COOPER or the '428

PATENT or any RELATED PATENTS AND APPLICATIONS.

15.    Any efforts, communications or discussions by COOPER related to comparing or integrating its PATENTED PRODUCTS with FEDERAL SIGNAL's products or systems, distinguishing such products from FEDERAL SIGNAL's products or systems or other products or systems, or competition between its PATENTED PRODUCTS and FEDERAL SIGNAL's products or systems or other third party products or systems.

16.    Any facts RELATING TO Cooper's contentions as to the value of the technology described and claimed in the '428 PATENT.

17.    The state of the art in the field of mass notification in the 2001 – 2003 timeframe.

18.    The qualifications of a person of ordinary skill in the art in the field of mass notification concerning the '428 PATENT on or about April 22, 2003 and April 22, 2004.

19.    The identification of every PERSON who conducted any analysis or evaluation of any of FEDERAL SIGNAL's product manuals, documentation, or ACCUSED INSTRUMENTALITIES, an identification of each such product manual, documentation, or ACCUSED INSTRUMENTALITY, and an identification of the reasoning of the identification of each of the ACCUSED INSTRUMENTALITIES and any basis COOPER had to sue FEDERAL SIGNAL.

20.    Non-infringing uses of each of the ACCUSED INSTRUMENTALITIES.

21.    The manner in which you have marked or not marked any PATENTED PRODUCT or any third party has marked or not marked third party PATENTED PRODUCT with the patent number of the PATENT IN-SUIT.

22.    To the extent not specifically addressed in the above topics, your responses to Defendants' interrogatories.

23.    The identity, location and content of any DOCUMENTS that relate to the

foregoing topics and any efforts made to locate and collect such DOCUMENTS for production in THIS ACTION or for any other purpose.

24.     The deletion and/or destruction of any DOCUMENTS that relate to the foregoing topics, including but not limited to the source code upon which RoaMail, REACT or RSAN are implemented.

25.     All information required to authenticate DOCUMENTS concerning any of the foregoing topics.

26.     The efforts by COOPER to prepare a witness or witnesses to testify on the topics set forth in this Notice, including DOCUMENTS reviewed by the witness(es), COMMUNICATION(S) with other individuals by the witness(es) and any investigation made by the witness(es) in order to prepare for deposition.

27.     All facts, documents and theories relating to plaintiff's contention that it has suffered damages as a result of Federal Signal's alleged infringement of the patent-in-suit, including without limitation the nature of damages, injury or loss, the amount of damages, injury or loss, the method by which the damage, injury or loss has been or may be calculated, the measure(s) of the monetary award that would be adequate to compensate for the damage, injury or loss, and the period of time during which you contend the damage, injury or loss occurred.

28.     The unit sales, customers, revenues (net and gross), cost of goods sold, profit (net and gross), and expenses for each of COOPER'S products, if any, that allegedly practice or embody (or have at any time allegedly practiced or embodied) any alleged invention claimed or described in any of the patents-in-suit.

## CERTIFICATE OF SERVICE

I, James L. Higgins, hereby certify that on September 22, 2011, a true and correct copy of the foregoing document was filed with the Clerk of Court using CM/ECF which will send notification of such filing to the following; that the document was served on the following counsel as indicated; and that the document is available for viewing and downloading from CM/ECF:

> Philip A. Rovner, Esquire
> Potter Anderson & Corroon LLP
> 1313 North Market Street
> P.O. Box 951
> Wilmington, DE 19899-0951
> *provner@potteranderson.com*
>
> *Attorneys for Plaintiff*
>
> Frederick L. Cottrell, III, Esquire
> Laura D. Hatcher, Esquire
> Richards, Layton & Finger, P.A.
> One Rodney Square
> 920 North King Street
> Wilmington, DE 19801
> *cottrell@rlf.com*
> *hatcher@rlf.com*
>
> *Attorneys for Defendant Everbridge Inc.*
>
> John G. Day, Esquire
> Lauren E. Maguire, Esquire
> Ashby & Geddes
> 500 Delaware Avenue
> P.O. Box 1150
> Wilmington, DE 19899
> *jday@ashby-geddes.com*
> *lmaguire@ashby-geddes.com*
>
> *Attorneys for Defendant Twitter, Inc.*

Paul J. Andre, Esquire
Lisa Kobialka, Esquire
James R. Hannah, Esquire
Sean M. Boyle, Esquire
King & Spalding LLP
333 Twin Dolphin Drive
Suite 400
Redwood Shores, CA  94065
*pandre@kslaw.com*
*lkobialka@kslaw.com*
*jhannah@kslaw.com*
*sboyle@kslaw.com*

*Attorneys for Plaintiff*

I further hereby certify that on September 22, 2011, I caused a true and correct copy of the foregoing document to be served by e-mail on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

### BY E-MAIL

Paul J. Andre, Esquire
Lisa Kobialka, Esquire
James R. Hannah, Esquire
Sean M. Boyle, Esquire
King & Spalding LLP
333 Twin Dolphin Drive
Suite 400
Redwood Shores, CA  94065
*pandre@kslaw.com*
*lkobialka@kslaw.com*
*jhannah@kslaw.com*
*sboyle@kslaw.com*

*Attorneys for Plaintiff*

Lynn H. Pasahow, Esquire
J. David Hadden, Esquire
David D. Schumann, Esquire
Elizabeth J. White, Esquire
Phillip J. Haack, Esquire
Fenwick & West, LLP
801 California Street

Mountain View, CA 94041
*lpasahow@fenwick.com*
*dhadden@fenwick.com*
*dschumann@fenwick.com*
*bwhite@fenwick.com*
*phaack@fenwick.com*

*Attorneys for Defendant Twitter Inc.*

Edward Cavazos, Esquire
Michael Chibib, Esquire
Joshua L. Tucker, Esquire
Bracewell & Guiliani LLP
111 Congress Avenue, Suite 2300
Austin, TX 78701
*ed.cavazos@bgllp.com*
*michael.chibib@bgllp.com*
*josh.tucker@bgllp.com*

*Attorneys for Defendant Everbridge Inc.*

YOUNG   CONAWAY   STARGATT   &   TAYLOR,
LLP

*/s/ James L. Higgins*
John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
James L. Higgins (No. 5021)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19899
(302) 571-6600
jhiggins@ycst.com

# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| COOPER NOTIFICATION, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 09-865-LPS |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| TWITTER, INC., a Delaware corporation, | ) | |
| EVERBRIDGE INC., a Delaware corporation, | ) | |
| RAVE WIRELESS INC., a Delaware | ) | |
| corporation, and FEDERAL SIGNAL CORP., | ) | |
| a Delaware corporation, | ) | |
| | ) | |
| Defendants. | ) | |

**COOPER NOTIFICATION, INC.'S OBJECTIONS AND RESPONSES
TO FEDERAL SIGNAL CORP'S NOTICE OF RULE 30(b)(6)
DEPOSITION TO COOPER NOTIFICATION, INC.**

Plaintiff, Cooper Notification Inc. ("Cooper") objects and responds to Federal Signal

Corporation's ("Federal Signal") First Notice of Rule 30(b)(6) Deposition to Plaintiff Cooper

Notification, Inc. ("Notice").

**GENERAL RESPONSE AND OBJECTIONS**

Cooper makes the following general objections to each and every definition and

deposition topic in Federal Signal's Notice and these general objections are hereby incorporated

into Cooper's response to each and every topic. To the extent any of the general objections are

not raised in any particular response, Cooper does not waive those objections.

1.      Cooper objects to the Definitions and Topics to the extent they are vague,

ambiguous, unintelligible, or seek to impose obligations on Cooper that are broader than, or

inconsistent with, the Federal Rules of Civil Procedure or the local rules of this Court.

2.      Cooper objects to the Definitions and Topics to the extent they seek identification or disclosure of information that is irrelevant and immaterial, or is not relevant to a claim or defense of a party.

3.      Cooper objects to the Definitions and Topics to the extent they purport to impose a burden of providing information that cannot be found in the course of a reasonable search or that is not reasonably the subject of deposition.

4.      Cooper objects to the Definitions and Topics to the extent they seek disclosure of information that is protected by the attorney-client privilege, the work-product doctrine, and/or any other privileges, doctrines, or immunities.  Any inadvertent provision of any testimony shall not constitute a waiver of any of the rights or privileges of Cooper.

5.      Cooper objects to the Definitions and Topics to the extent they seek disclosure of information that is confidential and proprietary technical, commercial, business, or financial information and/or trade secret information supplied by a nonparty under a nondisclosure or confidentiality agreement, unless the nonparty consents to the disclosure of such information.

6.      Cooper objects to the Definitions and Topics to the extent they are overbroad, vague, ambiguous, unintelligible, fail to identify the information sought with reasonable particularity, and/or impose an undue burden on Cooper.

7.      Cooper objects to the Definitions and Topics to the extent they seek disclosure of information that is already in Federal Signal's possession, custody or control, are duplicative of discovery already propounded, is available to Federal Signal from some other source that is more convenient, less burdensome or less expensive, or is available to Federal Signal from public sources.

8.      Cooper objects to the Definitions and Topics to the extent they seek disclosure of

2

information that is private or personally-identifiable information of its past and present employees.

9.   Cooper objects to the Definitions and Topics to the extent they seek disclosure of information that is not within Cooper's possession, custody or control.

10.   Unless otherwise stated, Cooper shall provide responses according to its reasonable interpretation of these requests.  Cooper shall not be held accountable if its reasonable interpretation of these requests does not comport with Federal Signal's intentions.

11.   Cooper objects to the Definitions and Topics as premature to the extent they attempt to call for interpretation of a disputed claim term or phrase because this Court has not yet issued a final order providing the construction of disputed claim terms and phrases.

12.   Cooper objects to the Definitions and Topics to the extent they call for legal conclusions and/or seeks to elicit testimony from fact witnesses which is properly obtained during expert discovery.

13.   Cooper objects to the Definitions and Topics to the extent as overbroad and seeking information that is not relevant as they do not specify a time period.

14.   Cooper objects to the Definitions of "COOPER," "YOU," and/or "YOUR" as overbroad and overly burdensome.  Cooper further objects to these Definitions to the extent they seek information that is not relevant and the disclosure of information protected by the attorney-client privilege, the work-product doctrine and/or any other privileges, doctrines or immunities.

15.   Cooper objects to the Definition of "RELATED PATENTS AND APPLICATIONS" as overbroad and overly burdensome.  Cooper further objects to this Definition to the extent it seeks information that is not relevant and the disclosure of information protected by the attorney-client privilege, the work-product doctrine and/or any other privileges,

3

doctrines or immunities.

16.     Cooper objects to the Definition of "PATENTED PRODUCT" as overbroad and overly burdensome and calling for a legal conclusion.  Cooper further objects to this Definition to the extent it seeks information that is not relevant and the disclosure of information protected by the attorney-client privilege, the work-product doctrine and/or any other privileges, doctrines or immunities.

17.     Cooper objects to the Definitions of "COMMUNICATION," "COMMUNICATIONS," "DOCUMENT," "DOCUMENTS," "RELATE TO," "RELATING TO," "RELATES TO," "RELATED TO," "REFERRING TO," "CONCERNING," and "REGARDING" as overbroad and overly burdensome and to the extent they seek information protected by the attorney-client privilege, the work-product doctrine and/or any other privileges, doctrines or immunities.  Cooper further objects to these Definitions to the extent they seek to impose obligations on Cooper that are broader than, or inconsistent with, the Federal Rules of Civil Procedure or the local rules of this Court.

18.     Cooper objects to the Definition of "PERSON" or "PERSONS" as overbroad and overly burdensome.  Cooper further objects to these Definitions to the extent they seek information that is not relevant and the disclosure of information protected by the attorney-client privilege, the work-product doctrine and/or any other privileges, doctrines or immunities.

## OBJECTIONS AND RESPONSES TO SCHEDULE OF TOPICS

### TOPIC NO. 1:

The conception of any and all inventions claimed or disclosed in the '428 PATENT or any RELATED PATENTS AND APPLICATIONS, including but not limited to the facts and circumstances surrounding such conception, the timing of such conception, all individuals who participated in or have knowledge of such conception, and the existence, identity, location and

contents of any DOCUMENTS or things RELATING TO such conception.

**OBJECTIONS AND RESPONSES TO TOPIC NO. 1:**

Cooper incorporates by reference its General Objections as if fully set forth herein. Cooper objects to this Topic to the extent it is overbroad, vague and ambiguous and not likely to lead to the discovery of admissible evidence. Cooper further objects to the extent this Topic seeks information protected by the attorney-client privilege, work product doctrine, or seeks information protected by any other applicable privilege or protection. Cooper objects to this Topic to the extent it seeks a legal conclusion or calls for expert testimony. Cooper objects to this Topic to the extent it seeks the basis for contentions in a Rule 30(b)(6) deposition and this practice is not permitted in the District of Delaware.

Subject to and without waiving the foregoing objections, Cooper will produce a deposition witness to testify on the conception of the invention of the '428 Patent, individuals who participated in the conception and documents relating to conception.

**TOPIC NO. 2:**

The written descriptions and reduction to practice any and all inventions claimed or disclosed in the '428 PATENT or any RELATED PATENTS AND APPLICATIONS, including but not limited to the facts and circumstances surrounding such reduction to practice, the timing of such written descriptions and reductions to practice, all individuals who participated in or have knowledge of such written descriptions and reduction to practice, and the existence, identity, location and contents of any DOCUMENTS or things RELATING TO such written descriptions and reduction to practice.

**OBJECTIONS AND RESPONSES TO TOPIC NO. 2:**

Cooper incorporates by reference its General Objections as if fully set forth herein. Cooper objects to this Topic to the extent it is overbroad, vague and ambiguous and not likely to

lead to the discovery of admissible evidence.  Cooper further objects to the extent this Topic

seeks information protected by the attorney-client privilege, work product doctrine, or seeks

information protected by any other applicable privilege or protection.  Cooper objects to this

Topic to the extent it seeks a legal conclusion or calls for expert testimony.  Cooper objects to

this Topic to the extent it seeks the basis for contentions in a Rule 30(b)(6) deposition and this

practice is not permitted in the District of Delaware.

Subject to and without waiving the foregoing objections, Cooper will produce a

deposition witness to testify on the reduction to practice of the invention of the '428 Patent,

individuals who participated in the reduction to practice and documents relating to reduction to

practice.

## TOPIC NO. 3:

The design, development and operation of any PATENTED PRODUCT, including any

product, system or method, whether or not commercially released, that practiced or practices any

invention claimed in the '428 PATENT or any RELATED PATENTS AND APPLICATIONS,

and the identity of all individuals who participated in or have knowledge of any such design,

development or operation, and the existence, identity, location and contents of any

DOCUMENTS or things RELATING TO such design, development or operation.

## OBJECTIONS AND RESPONSES TO TOPIC NO. 3:

Cooper incorporates by reference its General Objections as if fully set forth herein.

Cooper objects to this Topic to the extent it is overbroad, vague and ambiguous and not likely to

lead to the discovery of admissible evidence.  Cooper further objects to the extent this Topic

seeks information protected by the attorney-client privilege, work product doctrine, or seeks

information protected by any other applicable privilege or protection.  Cooper objects to this

Topic to the extent it seeks a legal conclusion or calls for expert testimony. Cooper objects to this Topic to the extent it seeks the basis for contentions in a Rule 30(b)(6) deposition and this practice is not permitted in the District of Delaware.

Subject to and without waiving the foregoing objections, Cooper will produce a deposition witness to testify regarding the design, development and operation of the invention of the '428 Patent which Cooper and Roam Secure practiced, individuals who participated in or have knowledge of any such design, development or operation, and documents relating to the same.

## TOPIC NO. 4:

The design, development, functionality, operation, testing, sales, marketing, offers for sale, and/or public use of the REACT emergency notification system or other emergency notification systems, including but not limited to such activities prior to May 2003.

## OBJECTIONS AND RESPONSES TO TOPIC NO. 4:

Cooper incorporates by reference its General Objections as if fully set forth herein. Cooper objects to this Topic to the extent it is overbroad, vague and ambiguous and not likely to lead to the discovery of admissible evidence. Cooper further objects to the extent this Topic seeks information protected by the attorney-client privilege, work product doctrine, or seeks information protected by any other applicable privilege or protection. Cooper objects to this Topic to the extent it lacks foundation. Cooper objects to this Topic to the extent it seeks a legal conclusion or calls for expert testimony. Cooper objects to this Topic to the extent it seeks the basis for contentions in a Rule 30(b)(6) deposition and this practice is not permitted in the District of Delaware.

Subject to and without waiving the foregoing objections, Cooper will produce a

7

deposition witness to testify on the REACT product.

## TOPIC NO. 5:

The design, development, functionality, operation, testing, sales, marketing, offers for sale, and/or public use of the Roam Secure Alert Network (RSAN) emergency notification system, including but not limited to such activities prior to May 2003.

## OBJECTIONS AND RESPONSES TO TOPIC NO. 5:

Cooper incorporates by reference its General Objections as if fully set forth herein. Cooper objects to this Topic to the extent it is overbroad, vague and ambiguous and not likely to lead to the discovery of admissible evidence. Cooper further objects to the extent this Topic seeks information protected by the attorney-client privilege, work product doctrine, or seeks information protected by any other applicable privilege or protection. Cooper objects to this Topic to the extent it lacks foundation. Cooper objects to this Topic to the extent it seeks a legal conclusion or calls for expert testimony. Cooper objects to this Topic to the extent it seeks the basis for contentions in a Rule 30(b)(6) deposition and this practice is not permitted in the District of Delaware.

Subject to and without waiving the foregoing objections, Cooper will produce a deposition witness to testify on the RSAN product.

## TOPIC NO. 6:

The design, development, functionality, operation, testing, sales, marketing, offer for sale, and/or public use of the RoaMail product, including but not limited to such activities prior to May 2003.

8

**OBJECTIONS AND RESPONSES TO TOPIC NO. 6:**

Cooper incorporates by reference its General Objections as if fully set forth herein. Cooper objects to this Topic to the extent it is overbroad, vague and ambiguous and not likely to lead to the discovery of admissible evidence. Cooper further objects to the extent this Topic seeks information protected by the attorney-client privilege, work product doctrine, or seeks information protected by any other applicable privilege or protection. Cooper objects to this Topic to the extent it seeks a legal conclusion or calls for expert testimony. Cooper objects to this Topic to the extent it seeks the basis for contentions in a Rule 30(b)(6) deposition and this practice is not permitted in the District of Delaware.

Subject to and without waiving the foregoing objections, Cooper will produce a deposition witness to testify on the RoaMail product.

**TOPIC NO. 7:**

Ownership or acquisition of any invention claimed or disclosed in the '428 PATENT or any RELATED PATENTS AND APPLICATIONS by any PERSON or entity at any point in time.

**OBJECTIONS AND RESPONSES TO TOPIC NO. 7:**

Cooper incorporates by reference its General Objections as if fully set forth herein. Cooper objects to this Topic to the extent it is unintelligible, overbroad, vague and ambiguous and not likely to lead to the discovery of admissible evidence. Cooper further objects to the extent this Topic seeks information protected by the attorney-client privilege, work product doctrine, or seeks information protected by any other applicable privilege or protection. Cooper objects to this Topic to the extent it seeks a legal conclusion.

Subject to and without waiving the foregoing objections and to the extent Cooper

understands this Topic, Cooper will produce a deposition witness to testify about the ownership of the '428 Patent and the invention of the '428 Patent made, used, sold or offered for sale by Cooper or Roam Secure.

**TOPIC NO. 8:**

Any completed, attempted, solicited or requested assignments, licenses or other transfers of any interest in any inventions claimed or disclosed in the '428 PATENT or any RELATED PATENTS AND APPLICATIONS, and any COMMUNICATIONS regarding the same.

**OBJECTIONS AND RESPONSES TO TOPIC NO. 8:**

Cooper incorporates by reference its General Objections as if fully set forth herein. Cooper objects to this Topic to the extent it is unintelligible, overbroad, vague and ambiguous and not likely to lead to the discovery of admissible evidence. Cooper further objects to the extent this Topic seeks information protected by the attorney-client privilege, work product doctrine, or seeks information protected by any other applicable privilege or protection. Cooper objects to this Topic to the extent it seeks a legal conclusion.

Subject to and without waiving the foregoing objections and to the extent Cooper understands this Topic, Cooper will produce a deposition witness to testify about assignments and licenses of the '428 Patent and the invention of the '428 Patent made, used, sold or offered for sale by Cooper or Roam Secure.

**TOPIC NO. 9:**

The circumstances surrounding dismissal of Rave Wireless, Inc. from THIS ACTION, including any settlement agreement with Rave Wireless, Inc. and any reports or payments by RAVE at the time of or after the settlement agreement was entered, and any products sold by RAVE that are subject to royalty payments under the agreement.

10

**OBJECTIONS AND RESPONSES TO TOPIC NO. 9:**

Cooper incorporates by reference its General Objections as if fully set forth herein. Cooper objects to this Topic to the extent it is overbroad and not likely to lead to the discovery of admissible evidence. Cooper further objects to the extent this Topic seeks information protected by the attorney-client privilege, work product doctrine, or seeks information protected by any other applicable privilege or protection. Cooper objects to this Topic to the extent it seeks the confidential information of a third party.

Subject to and without waiving the foregoing objections and to the extent Cooper can disclose such information, Cooper will produce a deposition witness to testify about the settlement with Rave Wireless, Inc.

**TOPIC NO. 10:**

The prosecution of the '428 PATENT or any RELATED PATENTS AND APPLICATIONS including but not limited to disclosures of information to the U.S. Patent and Trademark Office.

**OBJECTIONS AND RESPONSES TO TOPIC NO. 10:**

Cooper incorporates by reference its General Objections as if fully set forth herein. Cooper objects to this Topic to the extent it is overbroad, vague and ambiguous and not likely to lead to the discovery of admissible evidence. Cooper further objects to the extent this Topic seeks information protected by the attorney-client privilege, work product doctrine, or seeks information protected by any other applicable privilege or protection. Cooper objects to this Topic to the extent it seeks a legal conclusion or calls for expert testimony. Cooper objects to this Topic to the extent it seeks the basis for contentions in a Rule 30(b)(6) deposition and this practice is not permitted in the District of Delaware.

11

Subject to and without waiving the foregoing objections, Cooper will produce a deposition witness to testify on the prosecution of the '428 Patent.

**TOPIC NO. 11:**

Any sale, offer for sale, press releases, marketing, advertisement, public or private demonstration, public use or public knowledge of any invention claimed or disclosed in the '428 PATENT or any RELATED PATENTS AND APPLICATIONS occurring before April 22, 2003, and any facts related to any commercial or experimental motives or purposes for such activities.

**OBJECTIONS AND RESPONSES TO TOPIC NO. 11:**

Cooper incorporates by reference its General Objections as if fully set forth herein. Cooper objects to this Topic to the extent it is overbroad, vague and ambiguous and not likely to lead to the discovery of admissible evidence.  Cooper further objects to the extent this Topic seeks information protected by the attorney-client privilege, work product doctrine, or seeks information protected by any other applicable privilege or protection.  Cooper objects to this Topic to the extent it seeks a legal conclusion or calls for expert testimony.  Cooper objects to this Topic to the extent it seeks the basis for contentions in a Rule 30(b)(6) deposition and this practice is not permitted in the District of Delaware.

Subject to and without waiving the foregoing objections, Cooper will produce a deposition witness to testify about the '428 Patent and the invention of the '428 Patent made, used, sold or offered for sale by Roam Secure before April 22, 2003.

**TOPIC NO. 12:**

Competition involving PATENTED PRODUCTS sold by or on behalf of Cooper from 2007 to the present, the market for such products, and communications with customers or

12

prospective customers about such products, including but not limited to sales and marketing materials.

**OBJECTIONS AND RESPONSES TO TOPIC NO. 12:**

Cooper incorporates by reference its General Objections as if fully set forth herein. Cooper objects to this Topic to the extent it is overbroad, vague and ambiguous and not likely to lead to the discovery of admissible evidence. Cooper further objects to the extent this Topic seeks information protected by the attorney-client privilege, work product doctrine, or seeks information protected by any other applicable privilege or protection. Cooper objects to this Topic to the extent it seeks a legal conclusion or calls for expert testimony. Cooper objects to this Topic to the extent it seeks the basis for contentions in a Rule 30(b)(6) deposition and this practice is not permitted in the District of Delaware.

Subject to and without waiving the foregoing objections and to the extent Cooper understands this Topic, Cooper will produce a deposition witness to testify to this Topic.

**TOPIC NO. 13:**

The sale, license, assignment, transfer, or other disposition of Roam Secure, Inc.'s assets, including intellectual property assets, products, inventory, DOCUMENTS, technology, or any other assets, and any licenses or technology transfer agreements between COOPER and any third party regarding technology incorporated in the PATENTED PRODUCTS.

**OBJECTIONS AND RESPONSES TO TOPIC NO.13:**

Cooper incorporates by reference its General Objections as if fully set forth herein. Cooper objects to this Topic to the extent it is overbroad, vague and ambiguous and not likely to lead to the discovery of admissible evidence. Cooper further objects to the extent this Topic seeks information protected by the attorney-client privilege, work product doctrine, or seeks

13

information protected by any other applicable privilege or protection.

Subject to and without waiving the foregoing objections and to the extent Cooper understands this Topic, Cooper will produce a deposition witness to testify about Cooper Notification's acquisition of Roam Secure.

**TOPIC NO. 14:**

All interactions between COOPER or representatives thereof on one hand and FEDERAL SIGNAL or its representatives on the other hand concerning the business of COOPER or the '428 PATENT or any RELATED PATENTS AND APPLICATIONS.

**OBJECTIONS AND RESPONSES TO TOPIC NO. 14:**

Cooper incorporates by reference its General Objections as if fully set forth herein. Cooper objects to this Topic to the extent it is overbroad, vague and ambiguous and not likely to lead to the discovery of admissible evidence. Cooper further objects to the extent this Topic seeks information protected by the attorney-client privilege, work product doctrine, or seeks information protected by any other applicable privilege or protection.

Subject to and without waiving the foregoing objections and to the extent Cooper understands this Topic, Cooper will produce a deposition witness to testify about Cooper Notification's interactions with Federal Signal regarding the '428 Patent.

**TOPIC NO. 15:**

Any efforts, communications or discussions by COOPER related to comparing or integrating its PATENTED PRODUCTS with FEDERAL SIGNAL's products or systems, distinguishing such products from FEDERAL SIGNAL's products or systems or other products or systems, or competition between its PATENTED PRODUCTS and FEDERAL SIGNAL's products or systems or other third party products or systems.

14

## OBJECTIONS AND RESPONSES TO TOPIC NO. 15:

Cooper incorporates by reference its General Objections as if fully set forth herein. Cooper objects to this Topic to the extent it is overbroad, vague and ambiguous and not likely to lead to the discovery of admissible evidence. Cooper further objects to the extent this Topic seeks information protected by the attorney-client privilege, work product doctrine, or seeks information protected by any other applicable privilege or protection. Cooper objects to this Topic to the extent it seeks a legal conclusion or calls for expert testimony. Cooper objects to this Topic to the extent it calls for the confidential information of a third party.

Subject to and without waiving the foregoing objections and to the extent Cooper understands this Topic, Cooper will produce a deposition witness to testify about Cooper Notification's interactions with Federal Signal regarding the '428 Patent and competition with Cooper's products.

## TOPIC NO. 16:

Any facts RELATING TO Cooper's contentions as to the value of the technology described and claimed in the '428 PATENT.

## OBJECTIONS AND RESPONSES TO TOPIC NO. 16:

Cooper incorporates by reference its General Objections as if fully set forth herein. Cooper objects to this Topic to the extent it is overbroad, vague and ambiguous and not likely to lead to the discovery of admissible evidence. Cooper further objects to the extent this Topic seeks information protected by the attorney-client privilege, work product doctrine, or seeks information protected by any other applicable privilege or protection. Cooper objects to this Topic to the extent it seeks a legal conclusion or calls for expert testimony. Cooper objects to this Topic to the extent it seeks the basis for contentions in a Rule 30(b)(6) deposition and this

15

practice is not permitted in the District of Delaware.

## TOPIC NO. 17:

The state of the art in the field of mass notification in the 2001 - 2003 timeframe.

## OBJECTIONS AND RESPONSES TO TOPIC NO. 17:

Cooper incorporates by reference its General Objections as if fully set forth herein. Cooper objects to this Topic to the extent it is overbroad, vague and ambiguous and not likely to lead to the discovery of admissible evidence. Cooper further objects to the extent this Topic seeks information protected by the attorney-client privilege, work product doctrine, or seeks information protected by any other applicable privilege or protection. Cooper objects to this Topic to the extent it seeks a legal conclusion or calls for expert testimony. Cooper objects to this Topic to the extent it seeks the basis for contentions in a Rule 30(b)(6) deposition and this practice is not permitted in the District of Delaware.

## TOPIC NO. 18:

The qualifications of a person of ordinary skill in the art in the field of mass notification concerning the '428 PATENT on or about April 22, 2003 and April 22, 2004.

## OBJECTIONS AND RESPONSES TO TOPIC NO. 18:

Cooper incorporates by reference its General Objections as if fully set forth herein. Cooper objects to this Topic to the extent it is overbroad, vague and ambiguous and not likely to lead to the discovery of admissible evidence. Cooper further objects to the extent this Topic seeks information protected by the attorney-client privilege, work product doctrine, or seeks information protected by any other applicable privilege or protection. Cooper objects to this Topic to the extent it seeks a legal conclusion or calls for expert testimony. Cooper objects to this Topic to the extent it seeks the basis for contentions in a Rule 30(b)(6) deposition and this

practice is not permitted in the District of Delaware.

**TOPIC NO. 19:**

The identification of every PERSON who conducted any analysis or evaluation of any of FEDERAL SIGNAL's product manuals, documentation, or ACCUSED INSTRUMENTALITIES, an identification of each such product manual, documentation, or ACCUSED INSTRUMENTALITY, and an identification of the reasoning of the identification of each of the ACCUSED INSTRUMENTALITIES and any basis COOPER had to sue FEDERAL SIGNAL.

**OBJECTIONS AND RESPONSES TO TOPIC NO. 19:**

Cooper incorporates by reference its General Objections as if fully set forth herein. Cooper objects to this Topic to the extent it is unintelligible. Cooper further objects to this Topic to the extent it is overbroad, vague and ambiguous and not likely to lead to the discovery of admissible evidence. Cooper further objects to the extent this Topic seeks information protected by the attorney-client privilege, work product doctrine, or seeks information protected by any other applicable privilege or protection. Cooper objects to this Topic to the extent it seeks a legal conclusion.

**TOPIC NO. 20:**

Non-infringing uses of each of the ACCUSED INSTRUMENTALITIES.

**OBJECTIONS AND RESPONSES TO TOPIC NO. 20:**

Cooper incorporates by reference its General Objections as if fully set forth herein. Cooper objects to this Topic to the extent it is seeking a witness to testify about Federal Signal's accused products, which such witness has not had any access to confidential information regarding such product. Cooper objects to this Topic to the extent it seeks a legal conclusion or

17

calls for expert testimony. Cooper further objects to the extent this Topic seeks information protected by the attorney-client privilege, work product doctrine, or seeks information protected by any other applicable privilege or protection. Cooper objects to this Topic to the extent it seeks the basis for contentions in a Rule 30(b)(6) deposition and this practice is not permitted in the District of Delaware.

## TOPIC NO. 21:

The manner in which you have marked or not marked any PATENTED PRODUCT or any third party has marked or not marked third party PATENTED PRODUCT with the patent number of the PATENT-IN-SUIT.

## OBJECTIONS AND RESPONSES TO TOPIC NO. 21:

Cooper incorporates by reference its General Objections as if fully set forth herein. Cooper objects to this Topic to the extent it is overbroad, vague and ambiguous and not likely to lead to the discovery of admissible evidence. Cooper further objects to the extent this Topic seeks information protected by the attorney-client privilege, work product doctrine, or seeks information protected by any other applicable privilege or protection. Cooper objects to this Topic to the extent it seeks a legal conclusion or calls for expert testimony. Cooper objects to this Topic to the extent it seeks the basis for contentions in a Rule 30(b)(6) deposition and this practice is not permitted in the District of Delaware. Cooper objects to this Topic to the extent it seeks the confidential information of a third party.

Subject to and without waiving the foregoing objections and to the extent Cooper understands this Topic, Cooper will produce a deposition witness to testify about marking of the '428 Patent.

**TOPIC NO. 22:**

To the extent not specifically addressed in the above topics, your responses to Defendants' interrogatories.

**OBJECTIONS AND RESPONSES TO TOPIC NO. 22:**

Cooper incorporates by reference its General Objections as if fully set forth herein. Cooper objects to this Topic to the extent it is overbroad, vague and ambiguous and not likely to lead to the discovery of admissible evidence. Cooper further objects to the extent this Topic seeks information protected by the attorney-client privilege, work product doctrine, or seeks information protected by any other applicable privilege or protection. Cooper objects to this Topic to the extent it seeks a legal conclusion or calls for expert testimony. Cooper objects to this Topic to the extent it seeks the basis for contentions in a Rule 30(b)(6) deposition and this practice is not permitted in the District of Delaware.

**TOPIC NO. 23:**

The identity, location and content of any DOCUMENTS that relate to the foregoing topics and any efforts made to locate and collect such DOCUMENTS for production in THIS ACTION or for any other purpose.

**OBJECTIONS AND RESPONSES TO TOPIC NO. 23:**

Cooper incorporates by reference its General Objections as if fully set forth herein. Cooper objects to this Topic to the extent it is overbroad, vague and ambiguous and not likely to lead to the discovery of admissible evidence. Cooper further objects to the extent this Topic seeks information protected by the attorney-client privilege, work product doctrine, or seeks information protected by any other applicable privilege or protection.

Subject to and without waiving the foregoing objections and to the extent Cooper understands this Topic, Cooper will produce a deposition witness to testify about its document collection efforts for its production in this case.

## TOPIC NO.24:

The deletion and/or destruction of any DOCUMENTS that relate to the foregoing topics, including but not limited to the source code upon which RoaMail, REACT or RSAN are implemented.

## OBJECTIONS AND RESPONSES TO TOPIC NO. 24:

Cooper incorporates by reference its General Objections as if fully set forth herein. Cooper objects to this Topic to the extent it lacks foundation. Cooper objects to this Topic to the extent it is overbroad, vague and ambiguous and not likely to lead to the discovery of admissible evidence. Cooper further objects to the extent this Topic seeks information protected by the attorney-client privilege, work product doctrine, or seeks information protected by any other applicable privilege or protection.

Subject to and without waiving the foregoing objections and to the extent Cooper understands this Topic, Cooper will produce a deposition witness to testify about its document retention efforts.

## TOPIC NO. 25:

All information required to authenticate DOCUMENTS concerning any of the foregoing topics.

## OBJECTIONS AND RESPONSES TO TOPIC NO. 25:

Cooper incorporates by reference its General Objections as if fully set forth herein. Cooper objects to this Topic to the extent it is overbroad, vague and ambiguous and not likely to

lead to the discovery of admissible evidence.  Cooper further objects to the extent this Topic

seeks information protected by the attorney-client privilege, work product doctrine, or seeks

information protected by any other applicable privilege or protection.  Cooper objects to this

Topic to the extent it seeks a legal conclusion or calls for expert testimony.  Cooper objects to

this Topic to the extent it seeks the basis for contentions in a Rule 30(b)(6) deposition and this

practice is not permitted in the District of Delaware.

**TOPIC NO. 26:**

The efforts by COOPER to prepare a witness or witnesses to testify on the topics set forth

in this Notice, including DOCUMENTS reviewed by the witness(es), COMMUNICATION(S)

with other individuals by the witness(es) and any investigation made by the witness(es) in order

to prepare for deposition.

**OBJECTIONS AND RESPONSES TO TOPIC NO. 26:**

Cooper incorporates by reference its General Objections as if fully set forth herein.

Cooper objects to this Topic to the extent it is not likely to lead to the discovery of admissible

evidence.  Cooper further objects to the extent this Topic seeks information protected by the

attorney-client privilege, work product doctrine, or seeks information protected by any other

applicable privilege or protection.  Cooper objects to this Topic to the extent it seeks a legal

conclusion or calls for expert testimony.

Subject to and without waiving the foregoing objections and to the extent Cooper

understands this Topic, Cooper's corporate designees will provide testimony regarding this topic.

**TOPIC NO. 27:**

All facts, documents and theories relating to plaintiffs contention that it has suffered

damages as a result of Federal Signal's alleged infringement of the patent-in-suit, including

without limitation the nature of damages, injury or loss, the amount of damages, injury or loss, the method by which the damage, injury or loss has been or may be calculated, the measure(s) of the monetary award that would be adequate to compensate for the damage, injury or loss, and the period of time during which you contend the damage, injury or loss occurred.

**OBJECTIONS AND RESPONSES TO TOPIC NO. 27:**

Cooper incorporates by reference its General Objections as if fully set forth herein. Cooper objects to this Topic to the extent it is overbroad, vague and ambiguous and not likely to lead to the discovery of admissible evidence. Cooper further objects to the extent this Topic seeks information protected by the attorney-client privilege, work product doctrine, or seeks information protected by any other applicable privilege or protection. Cooper objects to this Topic to the extent it seeks a legal conclusion or calls for expert testimony. Cooper objects to this Topic to the extent it seeks the basis for contentions in a Rule 30(b)(6) deposition and this practice is not permitted in the District of Delaware.

**TOPIC NO. 28:**

The unit sales, customers, revenues (net and gross), cost of goods sold, profit (net and gross), and expenses for each of COOPER'S products, if any, that allegedly practice or embody (or have at any time allegedly practiced or embodied) any alleged invention claimed or described in any of the patents-in-suit.

**OBJECTIONS AND RESPONSES TO TOPIC NO. 28:**

Cooper incorporates by reference its General Objections as if fully set forth herein. Cooper objects to this Topic to the extent it is overbroad, vague and ambiguous and not likely to lead to the discovery of admissible evidence. Cooper further objects to the extent this Topic seeks information protected by the attorney-client privilege, work product doctrine, or seeks

information protected by any other applicable privilege or protection.  Cooper objects to this Topic to the extent it seeks a legal conclusion or calls for expert testimony.  Cooper objects to this Topic to the extent it seeks the basis for contentions in a Rule 30(b)(6) deposition and this practice is not permitted in the District of Delaware.

Subject to and without waiving the foregoing objections and to the extent Cooper understands this Topic, Cooper will produce a deposition witness to testify about financial information related to Cooper's product that is covered by the '428 Patent.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Paul J. Andre
Lisa Kobialka
James R. Hannah
Sean Boyle
Kramer Levin Naftalis & Frankel LLP
990 Marsh Road
Menlo Park, CA 94025

Dated: October 10, 2011
1030548

By: _____
    Philip A. Rovner (#3215)
    Jonathan A. Choa (#5319)
    Hercules Plaza
    P.O. Box 951
    Wilmington, DE  19899
    (302) 984-6000
    provner@potteranderson.com
    jchoa@potteranderson.com

*Attorneys for Plaintiff*
*Cooper Notification, Inc.*

23

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, Jonathan A. Choa, hereby certify that on October 10, 2011, true and correct copies of the within document were served on the following counsel of record, at the addresses and in the manner indicated:

## BY E-MAIL

John G. Day, Esq.
Lauren E. Maguire, Esq.
Andrew C. Mayo, Esq.
Ashby & Geddes
500 Delaware Avenue, 8th floor
P.O. Box 1150
Wilmington, DE 19899
jday@ashby-geddes.com
lmaguire@ashby-geddes.com
amayo@ashby-geddes.com

*Attorneys for Defendant*
*Twitter, Inc.*

Frederick L. Cottrell, III, Esq.
Laura D. Hatcher, Esq.
Richards, Layton & Finger, P.A.
One Rodney Square
920 N. King Street
Wilmington, DE 19801
Cottrell@rlf.com
hatcher@rlf.com

*Attorneys for Defendant*
*Everbridge Inc.*

John W. Shaw, Esq.
James L. Higgins, Esq.
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
jshaw@ycst.com
jhiggins@ycst.com

*Attorneys for Defendant*
*Federal Signal Corp.*

## BY E-MAIL

Edward Cavazos, Esq.
Michael Chibib, Esq.
Joshua L. Tucker, Esq.
Conor M. Civins, Esq.
Benjamin Bernell, Esq.
Bracewell & Giuliani LLP
111 Congress Avenue, Suite 2300
Austin, TX 78701
Edward.cavazos@bgllp.com
Michael.chibib@bgllp.com
Josh.tucker@bgllp.com
Conor.civins@bgllp.com
ben.bernell@bgllp.com

*Co-counsel for Defendant*
*Everbridge Inc.*

Daniel W. McDonald, Esq.
Thomas J. Leach, Esq.
Aaron M. Johnson, Esq.
Merchant & Gould P.C.
3200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
dmcdonald@merchantgould.com
tleach@merchantgould.com
ajohnson@merchantgould.com

*Co-counsel for Defendant*
*Federal Signal Corp.*

Lynn H. Pasahow, Esq.
J. David Hadden, Esq.
David D. Schumann, Esq.
Elizabeth J. White, Esq.
Phillip J. Haack, Esq.
Mashood Rassam, Esq.
Fenwick & West LLP
801 California Street
Mountain View, CA 94041
lpasahow@fenwick.com
dhadden@fenwick.com
dschumann@fenwick.com
bwhite@fenwick.com
phaack@fenwick.com
mrassam@fenwick.com
Twitter-CooperAttorneys@fenwick.com

*Co-counsel for Defendant*
*Twitter, Inc.*

Jonathan A. Choa (#5319)
Potter Anderson & Corroon LLP
Hercules Plaza
P. O. Box 951
Wilmington, DE 19899
(302) 984-6000
jchoa@potteranderson.com

980701

2