# EXHIBIT F

| | |
|---|---|
| **From:** | Andre, Paul <PAndre@KRAMERLEVIN.com> |
| **Sent:** | Thursday, November 03, 2011 3:10 PM |
| **To:** | Ryan Marton |
| **Cc:** | Kobialka, Lisa; Hannah, James; David Hadden; 'Civins, Conor'; Thomas J. Leach |
| **Subject:** | RE: Cooper's 30(b)(6) witnesses |

Ryan, et al.,

While we disagree with most of your email below, we are providing defendants with additional witnesses to testify to certain topics that Mr. Milburn was not able to testify on. Specifically, we currently have the following 30(b)(6) depositions of Cooper scheduled:

David Drescher in Kramer's Menlo Park office on Nov. 15 – topics Nos. 1-6, 13 (all defendants), and topics noted below; and

David Lowrey in Kramer's New York office on Nov. 16 – topics 28 (FS & Twitter) and 30 (Everbridge) concerning Cooper sales.

With respect to the rest of your requests, they are addressed in all caps below.

1) Sale, offer for sale, use or demonstration of the invention claimed or disclosed in the '428 that occurred prior to April 22, 2002. We need, for example, someone educated on the details of the disclosure of REACT at the 2002 FOSE; details of Roam Secure's interaction with DCEMA in early 2002; and details of Roam Secure's interaction with COG, Arlington County, the Red Cross, and others during that same general time. DAVID DRESCHER WILL TESTIFY TO TOPIC 11 SUBJECT TO OUR OBJECTIONS.

2) Ownership and acquisition of any invention claimed or disclosed in the '428 patent or any related application. We need, for example, a witness who can discuss any valuation or analysis of the '428 application (before and after the notice of allowance) and invention disclosed or claimed therein that Cooper may have done, or that Roam Secure may have provided in connection with the Roam Secure acquisition. COMPLETED BY SCOTT HEARN

3) Licensing and attempted licensing of the invention in the '428. We need, for example, a witness who can talk not only about actual licenses of the '428 and the invention described therein but also offers to license and attempts by Cooper to license the '428 patent. For example, we need someone who can talk about the interactions with MyState and someone who can tell us about all offers to license. COMPLETED BY SCOTT HEARN

4) Settlement with Rave. We need, for example, someone who can testify in detail about the Rave settlement and all of its terms, including, the most favored nation clause, why Twitter is called out in that provision, what products the settlement agreement covers and any analysis done to determine the royalty rate and reasons for the discounted rate and the scope of its applicability. COMPLETED BY SCOTT HEARN

5) Prosecution of the '428 patent. We need a witness prepared on the details of the '428 prosecution. Simply reciting Cooper's general approach to prosecution is inadequate, particularly since the patent was allowed before Cooper acquired Roam Secure. We need someone to be prepared to testify on this specific prosecution, including why certain information was or was not disclosed to the patent office. COMPLETED BY SCOTT HEARN

6) Cooper's licensing of any technology used in connection with products that embody the '428 patent. If Cooper has entered into any licenses for technology incorporated into its products, we need to see those licenses and we need a witness prepared to testify regarding those licenses. COMPLETED BY SCOTT HEARN

7) RSAN financials. We need someone who is prepared to discuss the RSAN financials in detail. Importantly, it became clear during Mr. Milburn's deposition that Cooper has not produced the detailed RSAN financial documents in its possession. We need those documents immediately so we can review them and prepare for the 30b6 depositions. DAVID LOWREY WILL TESTIFY TO THIS TOPIC SUBJECT TO OUR OBJECTIONS

8) Acquisition of Roam Secure. We need someone who can testify in detail about Cooper's acquisition of Roam Secure, including any and all internal valuations of Roam Secure assets. DAVID DRESCHER WILL TESTIFY TO ACQUISITION OF RAOM SECURE SUBJECT TO OUR OBJECTION

9) Marking. We need someone who can testify regarding Cooper's efforts to mark its products with the '428 patent. For example, we need someone who can testify regarding when that marking occurred. DAVID DRESCHER WILL TESTIFY TO WHEN MARKING BEGAN SUBJECT TO OUR OBJECTION

10) Competition involving the Patented Products sold by or on behalf of Cooper from 2007 to the present, the market for such products, and communications with customers or prospective customers about such products, including sales and marketing materials. Cooper's designee, Mr. Milburn, was not prepared on this topic prior to February 2010. COMPLETED BY TED MILBURN

11) In addition, the following topics in Federal Signal's 30(b)(6) notice: 14, 15, 23, and 24. COMPLETED BY TED MILBURN

12) Collection and authentication of documents. We needs a witness that can testify regarding Cooper's document collection efforts for this case and someone who can authenticate those documents and testify whether collected documents were prepared in the ordinary course of business. COMPLETED BY TED MILBURN

Please confirm the deposition dates and location of these two witnesses.

Regards,

Paul


Paul Andre

Partner
Kramer Levin Naftalis & Frankel LLP
990 Marsh Road
Menlo Park, California 94025
Tel: 650-752-1710
Fax: 212-715-8000
Email: PAndre@KRAMERLEVIN.com
http://www.kramerlevin.com


This communication (including any attachments) is intended solely for the recipient(s) named above and may contain information that is confidential, privileged or legally protected. Any unauthorized use or dissemination of this communication is strictly prohibited. If you have received this communication in error, please immediately notify the sender by return e-mail message and delete all copies of the original communication. Thank you for your cooperation.

**From:** Ryan Marton [mailto:RMarton@fenwick.com]
**Sent:** Wednesday, November 02, 2011 10:40 AM
**To:** Andre, Paul
**Cc:** Kobialka, Lisa; Hannah, James; David Hadden; 'Civins, Conor'; Thomas J. Leach
**Subject:** Cooper's 30(b)(6) witnesses

Paul,

I am writing on behalf of all the defendants to follow up on the Cooper 30(b)(6) depositions last week. We'd like to confirm that Cooper will be providing witnesses to cover all the topics Hearn and Milburn were designated for including the following:

1) Sale, offer for sale, use or demonstration of the invention claimed or disclosed in the '428 that occurred prior to April 22, 2002. We need, for example, someone educated on the details of the disclosure of REACT at the 2002 FOSE; details of Roam Secure's interaction with DCEMA in early 2002; and details of Roam Secure's interaction with COG, Arlington County, the Red Cross, and others during that same general time.

2) Ownership and acquisition of any invention claimed or disclosed in the '428 patent or any related application. We need, for example, a witness who can discuss any valuation or analysis of the '428 application (before and after the notice of allowance) and invention disclosed or claimed therein that Cooper may have done, or that Roam Secure may have provided in connection with the Roam Secure acquisition.

3) Licensing and attempted licensing of the invention in the '428. We need, for example, a witness who can talk not only about actual licenses of the '428 and the invention described therein but also offers to license and attempts by Cooper to license the '428 patent. For example, we need someone who can talk about the interactions with MyState and someone who can tell us about all offers to license.

4) Settlement with Rave. We need, for example, someone who can testify in detail about the Rave settlement and all of its terms, including, the most favored nation clause, why Twitter is called out in that provision, what products the settlement agreement covers and any analysis done to determine the royalty rate and reasons for the discounted rate and the scope of its applicability.

5) Prosecution of the '428 patent. We need a witness prepared on the details of the '428 prosecution. Simply reciting Cooper's general approach to prosecution is inadequate, particularly since the patent was allowed before Cooper acquired Roam Secure. We need someone to be prepared to testify on this specific prosecution, including why certain information was or was not disclosed to the patent office.

6) Cooper's licensing of any technology used in connection with products that embody the '428 patent. If Cooper has entered into any licenses for technology incorporated into its products, we need to see those licenses and we need a witness prepared to testify regarding those licenses.

7) RSAN financials. We need someone who is prepared to discuss the RSAN financials in detail. Importantly, it became clear during Mr. Milburn's deposition that Cooper has not produced the detailed RSAN financial documents in its possession. We need those documents immediately so we can review them and prepare for the 30b6 depositions.

8) Acquisition of Roam Secure. We need someone who can testify in detail about Cooper's acquisition of Roam Secure, including any and all internal valuations of Roam Secure assets.

9) Marking. We need someone who can testify regarding Cooper's efforts to mark its products with the '428 patent. For example, we need someone who can testify regarding when that marking occurred.

3

10) Competition involving the Patented Products sold by or on behalf of Cooper from 2007 to the present, the market for such products, and communications with customers or prospective customers about such products, including sales and marketing materials. Cooper's designee, Mr. Milburn, was not prepared on this topic prior to February 2010.

11) In addition, the following topics in Federal Signal's 30(b)(6) notice: 14, 15, 23, and 24.

12) Collection and authentication of documents. We needs a witness that can testify regarding Cooper's document collection efforts for this case and someone who can authenticate those documents and testify whether collected documents were prepared in the ordinary course of business.

Please confirm that Cooper will provide witnesses on these topics and let us know who those witnesses will be and where and when they will be available. We need these witnesses to be available asap.

If Cooper produces prepared 30(b)(6) witnesses after Defendants' expert reports are due, please confirm that you will agree that Defendants' experts can supplement their reports with any new information that is obtained in the depositions.

Can you also confirm that Cooper has produced any and all patent licenses it has entered into since 2006?

In addition, given the lack of information Cooper's witnesses were able to provide about the Rave settlement, we intend to serve an additional 30(b)(6) notice on Rave regarding the settlement. Please let us know if Cooper opposes our doing this. Last, given that neither Hearn nor Milburn were prepared at all for the 30(b)(6) depositions, we intend to seek recovery of costs and fees expended attending those depositions.

Thanks,

Ryan

---

**Ryan J. Marton | Fenwick & West LLP**
555 California Street, 12th Floor | San Francisco, CA 94104
(415) 875-2332 | Fax: (415) 281-1350 | rmarton@fenwick.com

---

IRS Circular 230 Disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice in this communication (including attachments) is not intended or written by Fenwick & West LLP to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.

---

ATTENTION:
The information contained in this message may be legally privileged and confidential. It is intended to be read only by the individual or entity to whom it is addressed or by their designee. If the reader of this message is not the intended recipient, you are on notice that any distribution of this message, in any form, is strictly prohibited.

If you have received this message in error, please immediately notify the sender and/or Fenwick & West LLP by telephone at (650) 988-8500 and delete or destroy any copy of this message.

# EXHIBIT G

| | |
|---|---|
| **From:** | Andre, Paul <PAndre@KRAMERLEVIN.com> |
| **Sent:** | Saturday, October 22, 2011 5:20 PM |
| **To:** | twitter-cooperattorneys@fenwick.com; ed.cavazos@bgllp.com; Daniel W. McDonald; Thomas J. Leach; michael.chibib@bgllp.com |
| **Cc:** | Kobialka, Lisa; Andre, Paul |
| **Subject:** | Cooper v. Twitter - 30(b)(6) witness designations |

Scott Hearn
Twitter Topic Nos. 7-10, 12, 26
Everbridge Topic Nos. 7-10, 12, 28
Federal Signal Topic Nos. 7-10, 26


Ted Milburn
Twitter Topic Nos. 11, 14-16, 21, 23, 24, 26, 28
Everbridge Topic Nos. 11, 14, 15, 17, 18, 23, 25, 26, 28, 30, 32, 33
Federal Signal Topic Nos. 11, 12, 14, 15, 21, 23, 24, 26, 28


David Drescher
Twitter Topic Nos. 1-6, 13, 26
Everbridge Topic Nos. 1-6, 13, 28
Federal Signal Topic Nos. 1-6, 13, 26


Paul Andre

Partner
Kramer Levin Naftalis & Frankel LLP
990 Marsh Road
Menlo Park, California 94025
Tel: 650-752-1710
Fax: 212-715-8000
Email: PAndre@KRAMERLEVIN.com
http://www.kramerlevin.com


This communication (including any attachments) is intended solely for the recipient(s) named above and may contain information that is confidential, privileged or legally protected. Any unauthorized use or dissemination of this communication is strictly prohibited. If you have received this communication in error, please immediately notify the sender by return e-mail message and delete all copies of the original communication. Thank you for your cooperation.

1

<mark>
<mark>

# EXHIBIT H

| | |
|---|---|
| **From:** | Andre, Paul <PAndre@KRAMERLEVIN.com> |
| **Sent:** | Wednesday, November 09, 2011 2:14 PM |
| **To:** | Ryan Marton |
| **Cc:** | Kobialka, Lisa; Hannah, James; David Hadden; 'Civins, Conor'; Thomas J. Leach; 'Day, John G.' |
| **Subject:** | RE: Cooper's 30(b)(6) witnesses |

Ryan,

With regard to documents:

1. You have the summaries of the RSAN financials we informed you we would provide;
2. As I informed you yesterday, you have all of the patent licenses entered into by Cooper Notification;
3. To the extent there have been non-privilege valuations of the '428 patent, they have been produced; and
4. Rave has not given us permission to produce the royalty reports – you have the actual licenses agreement.

With respect to the deposition topics:

1. There were no sales, offer for sale, use or demonstration of the invention claimed or disclosed in the '428 that occurred prior to April 22, 2002. You took the deposition of Rick Tiene, and he was the actual individual that was involved with, and the person most knowledgeable regarding the FOSE 2002 show, and interactions with DCEMA, COG and Arlington County. The other individual knowledgeable on these issues, David Drescher, was also provided to you, and will be again as a 30(b)(6) witness on these subjects. We are making him available for deposition on the 15th in our office in Menlo Park.
2. Scott Hearn provided full testimony on the ownership of the '428 patent, and even provided you with the assignment sheet from the PTO during his deposition. He also provided you with all non-privilege information regarding any possible valuation of the patent application that lead to the '428 patent at the time of the Roam Secure acquisition. David Drescher also provided information about the Roam Secure acquisition. We are not making another witnesses available on the ownership issue of the '428 patent.
3. Scott Hearn testified fully on the licensing of the '428 patent to Rave. Mr. Hearn was the individual involved in the negotiations with Rave, and the actual signatory to the settlement/license agreement. Cooper never offered a license to MyStateUSA, and Mr. Hearn testified to that fact. It is our position that you have completed the deposition of a Cooper witness on this topic.
4. See #3 above.
5. Mr. Hearn provided full testimony on Cooper's knowledge of the prosecution of the '428 patent. It is our position that you have completed the deposition of a Cooper witness on this topic.
6. Mr. Hearn provided full testimony on the licensing of Cooper Notification. It is our position that you have completed the deposition of a Cooper witness on this topic.
7. Mr. Drescher will testify on the acquisition of Roam Secure.
8. Mr. Milburn testified to Cooper Notification's competitors. It is our position that you have completed the deposition of a Cooper witness on this topic.
9. Mr. Drescher will testify about Cooper's document collection in this case.
10. See above.

We need to know today if defendants are going forward with Mr. Lowrey in New York on the 16th.

Regards,
Paul

1

Paul Andre

Partner
Kramer Levin Naftalis & Frankel LLP
990 Marsh Road
Menlo Park, California 94025
Tel: 650-752-1710
Fax: 212-715-8000
Email: PAndre@KRAMERLEVIN.com
http://www.kramerlevin.com


This communication (including any attachments) is intended solely for the recipient(s) named above and may contain information that is confidential, privileged or legally protected. Any unauthorized use or dissemination of this communication is strictly prohibited. If you have received this communication in error, please immediately notify the sender by return e-mail message and delete all copies of the original communication. Thank you for your cooperation.

---

**From:** Ryan Marton [mailto:RMarton@fenwick.com]
**Sent:** Tuesday, November 08, 2011 5:26 PM
**To:** Andre, Paul
**Cc:** Kobialka, Lisa; Hannah, James; David Hadden; 'Civins, Conor'; Thomas J. Leach; 'Day, John G.'
**Subject:** RE: Cooper's 30(b)(6) witnesses

Paul,

Before the defendants spend more time taking Cooper 30(b)(6) depositions, we'd like to confirm that we have all the documents we need and confirm that Cooper witnesses will be fully prepared.

Please confirm that you will produce the following documents by Friday this week:

- We need complete RSAN financial documents showing revenue and a breakdown of costs and profits. Milburn specifically testified that the RSAN financial docs produced were not complete and that he is familiar with more detailed RSAN financials that are maintained by Cooper Notification.
- We also need any patent licenses entered by Cooper Industries since 2006.
- We need valuations of the '428 and any technology covered or described by the '428 that was created in connection with Cooper's acquisition of Roam Secure.
- We need any royalty reports provided by Rave to Cooper

With regard to deposition topics, we need to make sure we understand exactly what Cooper is willing to provide witnesses on. Please confirm that Cooper's witnesses will be prepared to testify regarding:

1) Sale, offer for sale, use or demonstration of the invention claimed or disclosed in the '428 that occurred prior to April 22, 2002. We need, for example, someone educated on the details of the disclosure of REACT at the 2002 FOSE; details of Roam Secure's interaction with DCEMA in early 2002; and details of Roam Secure's interaction with COG, Arlington County, the Red Cross, and others during that same general time. Please confirm that Drescher will be prepared to discuss all of this.

2

2) Ownership and acquisition of any invention claimed or disclosed in the '428 patent or any related application. We need, for example, a witness who can discuss any valuation or analysis of the '428 application (before and after the notice of allowance) and invention disclosed or claimed therein that Cooper may have done, or that Roam Secure may have provided in connection with the Roam Secure acquisition. This topic was not covered by Hearn and unless Cooper can offer a witness to cover all of this, we will seek court intervention.

3) Licensing and attempted licensing of the invention in the '428. We need, for example, a witness who can talk not only about actual licenses of the '428 and the invention described therein but also offers to license and attempts by Cooper to license the '428 patent. For example, we need someone who can talk about the interactions with MyState and someone who can tell us about all offers to license. This topic was not covered by Hearn and unless Cooper can offer a witness to cover all of this, we will seek court intervention.

4) Settlement with Rave. We need, for example, someone who can testify in detail about the Rave settlement and all of its terms, including, the most favored nation clause, why Twitter is called out in that provision, what products the settlement agreement covers and any analysis done to determine the royalty rate and reasons for the discounted rate and the scope of its applicability. This topic was not covered by Hearn and unless Cooper can offer a witness to cover all of this, we will seek court intervention.

5) Prosecution of the '428 patent. We need a witness prepared on the details of the '428 prosecution. Simply reciting Cooper's general approach to prosecution is inadequate, particularly since the patent was allowed before Cooper acquired Roam Secure. We need someone to be prepared to testify on this specific prosecution, including why certain information was or was not disclosed to the patent office. This topic was not covered by Hearn and unless Cooper can offer a witness to cover all of this, we will seek court intervention.

6) Cooper's licensing of any technology used in connection with products that embody the '428 patent. If Cooper has entered into any licenses for technology incorporated into its products, we need to see those licenses and we need a witness prepared to testify regarding those licenses. This topic was not covered by Hearn and unless Cooper can offer a witness to cover all of this, we will seek court intervention.

7) Acquisition of Roam Secure. We need someone who can testify in detail about Cooper's acquisition of Roam Secure, including any and all internal valuations of Roam Secure assets. Please confirm that Drescher will be prepared to testify regarding all of this. Unless you can confirm this, we will seek court intervention.

8) Competition involving the Patented Products sold by or on behalf of Cooper from 2007 to the present, the market for such products, and communications with customers or prospective customers about such products, including sales and marketing materials. Cooper's designee, Mr. Milburn, was not prepared on this topic prior to February 2010. Unless cooper agrees to offer a witness to cover all of this, we will seek court intervention.

9) Collection and authentication of documents. We needs a witness that can testify regarding Cooper's document collection efforts for this case and someone who can authenticate those documents and testify whether collected documents were prepared in the ordinary course of business. Cooper's designee, Mr. Milburn, was not prepared on this topic. Unless cooper agrees to offer a witness to cover all of this, we will seek court intervention.

10) In addition, the following topics in Federal Signal's 30(b)(6) notice: 14, 15, 23, and 24. Cooper's designee, Mr. Milburn, was not prepared on these topics. Unless Cooper agrees to offer a witness to cover all of this, we will seek court intervention.

Finally, we intend to seek fees for having to bring this motion and for our time and expense in traveling to New York to take depositions for which witnesses were wholly unprepared.

Regards,
Ryan

3

**From:** Andre, Paul [mailto:PAndre@KRAMERLEVIN.com]
**Sent:** Thursday, November 03, 2011 1:10 PM
**To:** Ryan Marton
**Cc:** Kobialka, Lisa; Hannah, James; David Hadden; 'Civins, Conor'; Thomas J. Leach
**Subject:** RE: Cooper's 30(b)(6) witnesses

Ryan, et al.,

While we disagree with most of your email below, we are providing defendants with additional witnesses to testify to certain topics that Mr. Milburn was not able to testify on. Specifically, we currently have the following 30(b)(6) depositions of Cooper scheduled:

David Drescher in Kramer's Menlo Park office on Nov. 15 – topics Nos. 1-6, 13 (all defendants), and topics noted below; and

David Lowrey in Kramer's New York office on Nov. 16 – topics 28 (FS & Twitter) and 30 (Everbridge) concerning Cooper sales.

With respect to the rest of your requests, they are addressed in all caps below.

1) Sale, offer for sale, use or demonstration of the invention claimed or disclosed in the '428 that occurred prior to April 22, 2002. We need, for example, someone educated on the details of the disclosure of REACT at the 2002 FOSE; details of Roam Secure's interaction with DCEMA in early 2002; and details of Roam Secure's interaction with COG, Arlington County, the Red Cross, and others during that same general time. DAVID DRESCHER WILL TESTIFY TO TOPIC 11 SUBJECT TO OUR OBJECTIONS.

2) Ownership and acquisition of any invention claimed or disclosed in the '428 patent or any related application. We need, for example, a witness who can discuss any valuation or analysis of the '428 application (before and after the notice of allowance) and invention disclosed or claimed therein that Cooper may have done, or that Roam Secure may have provided in connection with the Roam Secure acquisition. COMPLETED BY SCOTT HEARN

3) Licensing and attempted licensing of the invention in the '428. We need, for example, a witness who can talk not only about actual licenses of the '428 and the invention described therein but also offers to license and attempts by Cooper to license the '428 patent. For example, we need someone who can talk about the interactions with MyState and someone who can tell us about all offers to license. COMPLETED BY SCOTT HEARN

4) Settlement with Rave. We need, for example, someone who can testify in detail about the Rave settlement and all of its terms, including, the most favored nation clause, why Twitter is called out in that provision, what products the settlement agreement covers and any analysis done to determine the royalty rate and reasons for the discounted rate and the scope of its applicability. COMPLETED BY SCOTT HEARN

5) Prosecution of the '428 patent. We need a witness prepared on the details of the '428 prosecution. Simply reciting Cooper's general approach to prosecution is inadequate, particularly since the patent was allowed before Cooper acquired Roam Secure. We need someone to be prepared to testify on this specific prosecution, including why certain information was or was not disclosed to the patent office. COMPLETED BY SCOTT HEARN

6) Cooper's licensing of any technology used in connection with products that embody the '428 patent. If Cooper has entered into any licenses for technology incorporated into its products, we need to see those licenses and we need a witness prepared to testify regarding those licenses. COMPLETED BY SCOTT HEARN

7) RSAN financials. We need someone who is prepared to discuss the RSAN financials in detail. Importantly, it became clear during Mr. Milburn's deposition that Cooper has not produced the detailed RSAN financial documents in its possession. We need those documents immediately so we can review them and prepare for the 30b6 depositions. DAVID LOWREY WILL TESTIFY TO THIS TOPIC SUBJECT TO OUR OBJECTIONS

8) Acquisition of Roam Secure. We need someone who can testify in detail about Cooper's acquisition of Roam Secure, including any and all internal valuations of Roam Secure assets. DAVID DRESCHER WILL TESTIFY TO ACQUISITION OF RAOM SECURE SUBJECT TO OUR OBJECTION

9) Marking. We need someone who can testify regarding Cooper's efforts to mark its products with the '428 patent. For example, we need someone who can testify regarding when that marking occurred. DAVID DRESCHER WILL TESTIFY TO WHEN MARKING BEGAN SUBJECT TO OUR OBJECTION

10) Competition involving the Patented Products sold by or on behalf of Cooper from 2007 to the present, the market for such products, and communications with customers or prospective customers about such products, including sales and marketing materials. Cooper's designee, Mr. Milburn, was not prepared on this topic prior to February 2010. COMPLETED BY TED MILBURN

11) In addition, the following topics in Federal Signal's 30(b)(6) notice: 14, 15, 23, and 24. COMPLETED BY TED MILBURN

12) Collection and authentication of documents. We needs a witness that can testify regarding Cooper's document collection efforts for this case and someone who can authenticate those documents and testify whether collected documents were prepared in the ordinary course of business. COMPLETED BY TED MILBURN

Please confirm the deposition dates and location of these two witnesses.

Regards,

Paul

Paul Andre

Partner
Kramer Levin Naftalis & Frankel LLP
990 Marsh Road
Menlo Park, California 94025
Tel: 650-752-1710
Fax: 212-715-8000
Email: PAndre@KRAMERLEVIN.com
http://www.kramerlevin.com

This communication (including any attachments) is intended solely for the recipient(s) named above and may contain information that is confidential, privileged or legally protected. Any unauthorized use or dissemination of this communication is strictly prohibited. If you have received this communication in error, please immediately notify the sender by return e-mail message and delete all copies of the original communication. Thank you for your cooperation.

**From:** Ryan Marton [mailto:RMarton@fenwick.com]
**Sent:** Wednesday, November 02, 2011 10:40 AM
**To:** Andre, Paul
**Cc:** Kobialka, Lisa; Hannah, James; David Hadden; 'Civins, Conor'; Thomas J. Leach
**Subject:** Cooper's 30(b)(6) witnesses

Paul,

I am writing on behalf of all the defendants to follow up on the Cooper 30(b)(6) depositions last week. We'd like to confirm that Cooper will be providing witnesses to cover all the topics Hearn and Milburn were designated for including the following:

1) Sale, offer for sale, use or demonstration of the invention claimed or disclosed in the '428 that occurred prior to April 22, 2002. We need, for example, someone educated on the details of the disclosure of REACT at the 2002 FOSE; details of Roam Secure's interaction with DCEMA in early 2002; and details of Roam Secure's interaction with COG, Arlington County, the Red Cross, and others during that same general time.

2) Ownership and acquisition of any invention claimed or disclosed in the '428 patent or any related application. We need, for example, a witness who can discuss any valuation or analysis of the '428 application (before and after the notice of allowance) and invention disclosed or claimed therein that Cooper may have done, or that Roam Secure may have provided in connection with the Roam Secure acquisition.

3) Licensing and attempted licensing of the invention in the '428. We need, for example, a witness who can talk not only about actual licenses of the '428 and the invention described therein but also offers to license and attempts by Cooper to license the '428 patent. For example, we need someone who can talk about the interactions with MyState and someone who can tell us about all offers to license.

4) Settlement with Rave. We need, for example, someone who can testify in detail about the Rave settlement and all of its terms, including, the most favored nation clause, why Twitter is called out in that provision, what products the settlement agreement covers and any analysis done to determine the royalty rate and reasons for the discounted rate and the scope of its applicability.

5) Prosecution of the '428 patent. We need a witness prepared on the details of the '428 prosecution. Simply reciting Cooper's general approach to prosecution is inadequate, particularly since the patent was allowed before Cooper acquired Roam Secure. We need someone to be prepared to testify on this specific prosecution, including why certain information was or was not disclosed to the patent office.

6) Cooper's licensing of any technology used in connection with products that embody the '428 patent. If Cooper has entered into any licenses for technology incorporated into its products, we need to see those licenses and we need a witness prepared to testify regarding those licenses.

7) RSAN financials. We need someone who is prepared to discuss the RSAN financials in detail. Importantly, it became clear during Mr. Milburn's deposition that Cooper has not produced the detailed RSAN financial documents in its possession. We need those documents immediately so we can review them and prepare for the 30b6 depositions.

8) Acquisition of Roam Secure. We need someone who can testify in detail about Cooper's acquisition of Roam Secure, including any and all internal valuations of Roam Secure assets.

9) Marking. We need someone who can testify regarding Cooper's efforts to mark its products with the '428 patent. For example, we need someone who can testify regarding when that marking occurred.

6

10) Competition involving the Patented Products sold by or on behalf of Cooper from 2007 to the present, the market for such products, and communications with customers or prospective customers about such products, including sales and marketing materials. Cooper's designee, Mr. Milburn, was not prepared on this topic prior to February 2010.

11) In addition, the following topics in Federal Signal's 30(b)(6) notice: 14, 15, 23, and 24.

12) Collection and authentication of documents. We needs a witness that can testify regarding Cooper's document collection efforts for this case and someone who can authenticate those documents and testify whether collected documents were prepared in the ordinary course of business.

Please confirm that Cooper will provide witnesses on these topics and let us know who those witnesses will be and where and when they will be available. We need these witnesses to be available asap.

If Cooper produces prepared 30(b)(6) witnesses after Defendants' expert reports are due, please confirm that you will agree that Defendants' experts can supplement their reports with any new information that is obtained in the depositions.

Can you also confirm that Cooper has produced any and all patent licenses it has entered into since 2006?

In addition, given the lack of information Cooper's witnesses were able to provide about the Rave settlement, we intend to serve an additional 30(b)(6) notice on Rave regarding the settlement. Please let us know if Cooper opposes our doing this. Last, given that neither Hearn nor Milburn were prepared at all for the 30(b)(6) depositions, we intend to seek recovery of costs and fees expended attending those depositions.

Thanks,

Ryan

---

**Ryan J. Marton | Fenwick & West LLP**
555 California Street, 12th Floor | San Francisco, CA 94104
(415) 875-2332 | Fax: (415) 281-1350 | rmarton@fenwick.com

---

IRS Circular 230 Disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice in this communication (including attachments) is not intended or written by Fenwick & West LLP to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.
---
ATTENTION:
The information contained in this message may be legally privileged and confidential. It is intended to be read only by the individual or entity to whom it is addressed or by their designee. If the reader of this message is not the intended recipient, you are on notice that any distribution of this message, in any form, is strictly prohibited.

If you have received this message in error, please immediately notify the sender and/or Fenwick & West LLP by telephone at (650) 988-8500 and delete or destroy any copy of this message.