# YOUNG CONAWAY STARGATT & TAYLOR, LLP

JAMES L. HIGGINS
DIRECT DIAL: (302) 571-5034
DIRECT FAX: (302) 576-3543
jhiggins@ycst.com

THE BRANDYWINE BUILDING
1000 WEST STREET, 17TH FLOOR
WILMINGTON, DELAWARE 19801

P.O. BOX 391
WILMINGTON, DELAWARE 19899-0391

(302) 571-6600
(302) 571-1253 FAX
(800) 253-2234 (DE ONLY)
www.youngconaway.com

December 22, 2011

**BY E-FILE AND HAND DELIVERY**           REDACTED - PUBLIC VERSION

The Honorable Leonard P. Stark
United States District Court
844 N. King Street
Wilmington, Delaware 19801

Re: *Cooper Notification, Inc. v. Federal Signal Corp., et al.*, C.A. No. 09-865-LPS

Dear Judge Stark:

Federal Signal Corp. ("Federal Signal") submits this letter brief in connection with the sanctions awarded to Defendants during the December 15, 2011 teleconference. During that teleconference, the Court granted Defendants' motion for sanctions against Cooper Notification, Inc. ("Cooper") and awarded Defendants their costs and attorneys' fees associated with traveling to New York to take the Deposition of Mr. Lowrey on topics for which the originally designated witness was completely unprepared. *See* Ex. A, Dec. 15 Teleconf. Tr. at 18:14-16.

Cooper initially designated Mr. Milburn as its Rule 30(b)(6) witness on a number of topics, but he admitted to only token preparation for his deposition. *See, e.g.*, Ex. B, Milburn Dep. at 13:3-8 [REDACTED] 234:14-17 [REDACTED] 161:19-162: [REDACTED]

After Cooper failed to adequately prepare Mr. Milburn, Cooper offered a new designee at a later date. However, Cooper's preparation of that new designee, Mr. Lowery, was similarly deficient. [REDACTED] *See, e.g.*, Ex. E, Lowery Rule 30(b)(6) Dep. at 10:21-17:7. Even more egregiously [REDACTED] despite being Cooper's Rule 30(b)(6) designee on financial topics. *Id*. at 30-40. Pursuant to the Court's ruling at the December 15, 2011 teleconference, Federal Signal therefore seeks its costs and attorneys' fees associated with the additional Rule 30(b)(6) deposition of Mr. Lowery necessitated by Cooper's failure to adequately prepare Mr. Milburn.

The production of an unprepared Rule 30(b)(6) designated witness is sanctionable under Rule 37(d). *See Black Horse Lane Assoc., L.P., v. Dow Chem. Corp.*, 228 F.3d 275, 304 (3d Cir. 2000). Accordingly, although the Court did not specifically rule on the issue, Federal Signal also

YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Honorable Leonard P. Stark
December 22, 2011
Page 2

seeks reasonable attorneys' fees and costs for preparing and arguing the Motion for Sanctions which the Court has already granted, as well as the fees related to filing this brief and supporting documentation, pursuant to Rule 37(d).

The Court directed the Defendants to file briefs and supporting documentation detailing the costs and fees associated with the November 22, 2011 30(b)(6) deposition. *See* Ex. A at 19:3-16. This brief and the supporting declarations, *see* Exs. C, D, F and G, provide the costs and fees associated with the actual deposition, Federal Signal's motion for sanctions, as well as this brief. Federal Signal expended at least $10,469.48 in costs and fees associated with Mr. Lowrey's deposition, $7,606.50 in fees for moving for sanctions and arguing the motion, and $2,491.00 in preparing this brief. Thus, the appropriate amount of sanctions that should be awarded to Federal Signal is $20,566.98.

**Attorneys' Fees**

The starting point for a reasonable fee is the "lodestar" figure. This figure is to be calculated by multiplying a reasonable hourly rate by the number of hours reasonably expended. *Hensley v. Eckerhart*, 461 U.S. 424, 432-34 (1983). Moreover, attorneys' fees are reasonable when calculated using the attorneys' normal billing rates. *Price v. Kent General Hospital*, No. 97-716-GMS, 1999 U.S. Dist. LEXIS 22696, at *4 (D. Del. Nov. 2, 1999). This figure can be adjusted as circumstances warrant. *McKenna v. City of Philadelphia*, 582 F.3d 447, 455 (3d Cir. 2009). The attached declarations provide the actual time spent and amounts billed to the client for the work of the attorneys and paralegals involved in preparing for and taking the deposition of Mr. Lowrey, as well as those for preparing and arguing the Motion for Sanctions and this supporting brief. The hours shown are reasonable.

Federal Signal's counsel, who had initially prepared and taken Mr. Milburn's deposition, was unable to take the deposition of Mr. Lowery as he had another deposition in California on that day in another matter. *See* Ex. C, Leach Dec. at ¶¶ 5-6. Federal Signal subsequently sent an attorney with a significantly lower billing rate to prepare and take Mr. Lowery's deposition, which was necessitated by Cooper's failure to adequately prepare Mr. Milburn. *See* Ex. D, Davis Dec. at ¶¶ 5-11. Accordingly, including the attorney's fees associated with preparing for Mr. Lowery's deposition as a sanction is also reasonable.

The provided rates, moreover, are reasonable. The AIPLA Report of the Economic Survey for 2011 provides that the associate-level mean hourly billing rate in 2010 was $361/hour for the San Francisco area; $375/hour for the Washington D.C. area; $383/hour for the Los Angeles area; $401 for the Boston area; and $433 for the New York City area. Similarly, the same report provides that the partner-level hourly billing rate in 2010 was $571/hour for the San Francisco area; $483/hour for the Washington D.C. area; $500/hour for the Los Angeles area; $561 for the Boston area; and $557 for the New York City area. *See* Ex. H. As demonstrated by the attached declarations, the individual and averaged rates of the attorneys associated with the November 22 deposition and the motions for sanctions and fees are similar or well below those of the above markets. Accordingly, the Court should find the actually-billed rates reasonable.

Young Conaway Stargatt & Taylor, LLP
The Honorable Leonard P. Stark
December 22, 2011
Page 3

### Costs

The costs incurred by Federal Signal for attending the deposition include the airfare and accommodations for travel to and from the deposition in New York, as well as those fees associated with the presence of the court reporter and videographer at the deposition. An award for the cost of airfare and accommodations is reasonable as Federal Signal would not have incurred these expenses but for the scheduled deposition and Cooper's sanctionable conduct in providing an unprepared Rule 30(b)(6) witness. *See Hill v. R+L Carriers Shared Servs.*, No. C 09-01907 CW (MEJ), 2011 U.S. Dist. LEXIS 65953, at *6-10 (N.D. Cal. June 21, 2011). This Court has previously found it reasonable to award the cost of a court reporter at a missed deposition. *Rader v. ING Bank*, No. 09-340-SLR/LPS, 2010 U.S. Dist. LEXIS 35307, at *28 (D. Del. Apr. 7, 2010). Declarations listing the costs of each of the foregoing items are appended to the Declarations of Chris Davis and Kristin Drieman. *See* Exs. D, F.

Defendant respectfully requests that the Court award Federal Signal its reasonable costs and attorneys' fees in the amount of $20,566.98.

Respectfully submitted,

*/s/ James L. Higgins*

James L. Higgins  (No. 5021)

JLH: Enclosures

cc:   Clerk of the Court (By CM/ECF and Hand Delivery)
      Counsel of Record (By E-mail)

## CERTIFICATE OF SERVICE

I, James L. Higgins, Esquire, hereby certify that on January 12, 2012, I caused to be electronically filed a copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>Philip A. Rovner, Esquire
>Potter Anderson & Corroon LLP
>1313 North Market Street
>P.O. Box 951
>Wilmington, DE 19899-0951
>*provner@potteranderson.com*
>
>*Attorneys for Plaintiff*
>
>Frederick L. Cottrell, III, Esquire
>Laura D. Hatcher, Esquire
>Richards, Layton & Finger, P.A.
>One Rodney Square
>920 North King Street
>Wilmington, DE 19801
>*cottrell@rlf.com*
>*hatcher@rlf.com*
>
>*Attorneys for Defendant Everbridge Inc.*
>
>John G. Day, Esquire
>Lauren E. Maguire, Esquire
>Andrew Colin Mayo, Esquire
>Ashby & Geddes
>500 Delaware Avenue
>P.O. Box 1150
>Wilmington, DE 19899
>*jday@ashby-geddes.com*
>*lmaguire@ashby-geddes.com*
>*amayo@ashby-geddes.com*
>
>*Attorneys for Defendant Twitter Inc.*

I further certify that on January 12, 2012, I caused a copy of the foregoing document to be served by e-mail on the above-listed counsel.

                YOUNG CONAWAY STARGATT
                  & TAYLOR, LLP

                */s/ James L. Higgins*
                Adam W. Poff (No. 3990)
                James L. Higgins (No. 5021)
                The Brandywine Building
                1000 West Street, 17th Floor
                Wilmington, DE 19899-0391
                jhiggins@ycst.com

                *Attorneys for Defendant*