

Laura D. Hatcher
302-651-7589
Hatcher@rlf.com

December 12, 2011

**VIA CM/ECF FILING AND HAND DELIVERY**

The Honorable Leonard P. Stark                    REDACTED
United States District Court, District of Delaware
J. Caleb Boggs Federal Building                   PUBLIC VERSION
844 N. King Street, Room 6100
Wilmington, DE 19801-3556

   *Re: Cooper Notification, Inc. v. Twitter, Inc., et al., C.A. No. 09-865-LPS*

Dear Judge Stark:

   Pursuant to the Court's Order dated November 17, 2011, Everbridge, Inc. ("Everbridge")
submits this letter to compel from Cooper Notification, Inc. ("Cooper") the documents and relief
discussed below.

   **1. Email Containing Only Everbridge's Information**
         REDACTED

   Despite the fact that the e-mail contains only confidential information belonging to
Everbridge, and no confidential information belonging to Cooper, Cooper refuses to agree that
the e-mail may be disclosed to Everbridge executives and board of directors. **Ex. B,** *Email
Exchange between Everbridge and Cooper.* The purpose of "Confidential" and "Attorneys' Eyes
Only" designations is to protect the disclosing party's information. Here, Cooper is trying to
prevent the disclosure of Everbridge's confidential information to Everbridge. This makes no
sense and is clearly not the purpose of the Protective Order.

   Everbridge respectfully requests that it be permitted to disclose Bates number CNI
001351-52 to its executives and board of directors.

   **2. Financial Documents Related to the Roam Secure Acquisition**
         REDACTED        The only
documents produced by Cooper related to the acquisition are the Stock Purchase Agreement and
various documents attached thereto as exhibits and/or schedules. Cooper has failed to produce

       ■ ■ ■

August 31, 2011
Page 2

key documents evidencing the underlying financial analysis that was performed by Roam Secure and Cooper prior to the acquisition.

David Drescher—a Roam Secure founder and former Cooper employee—confirmed that at the very least, the following documents were prepared:

REDACTED

These documents are critically important and unquestionably relevant because they provide the best evidence of the valuation of Roam Secure and the '428 patent at the time of the acquisition. Indeed, it is difficult to imagine documents more relevant to Defendants' damages case. Cooper has chosen to withhold these documents despite repeated requests. Everbridge respectfully requests that Cooper be ordered to produce the documents testified about as described above, which are responsive to a multitude of Everbridge's Requests for Production, including 33, 38-52, 59, 83, 88, and 90.

### 3. Financial Documents Relied on by Cooper 30(b)(6) Witness
David Lowrey was designated as Cooper's 30(b)(6) witness to testify regarding Cooper's sales, customers, revenues, net and gross cost of goods sold, profit, and expenses for each of Cooper's products that practice the '428 patent. During his deposition,

REDACTED

Any financial documents that relate to the sale of the RSAN (or REACT) prior to Cooper's acquisition of Roam Secure are highly relevant to Defendants' damages case and should be produced. The Roam Secure financials requested are also responsive to Everbridge's Requests for Production 33, 38-52, 59, 83, 88, and 90.

### 4. Forensic Analysis of the Metadata
Whether Cooper sold or offered to sell RSAN prior to the April 22, 2002 critical date has become a vital and hotly contested issue in this case. The evidence uncovered on this issue has motivated Defendants to seek the Court's relief more than once to compel evidence Defendants believe Cooper is withholding.

REDACTED

August 31, 2011
Page 3

REDACTED

In light of the above, the Court ordered Cooper
REDACTED

Due to Cooper's shifting and contradictory positions
REDACTED

**5.   Financial Documents Related to the Sale of the RSAN Product**
    As stated above, application of the on-sale bar doctrine has become a vitally important issue in this case. During Mr. Lowrey's 30b(b)(6) testimony
REDACTED

August 31, 2011
Page 4

Respectfully submitted,

*/s/ Laura D. Hatcher*

Laura D. Hatcher (#5098)
Hatcher@rlf.com

Enclosure
cc:      All Counsel of Record (via email)

# EXHIBITS A-K

# REDACTED
# IN THEIR
# ENTIRETY