

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000
www.potteranderson.com

**Philip A. Rovner**
Partner
provner@potteranderson.com
(302) 984-6140 Direct Phone
(302) 658-1192 Fax

February 27, 2012

**BY E-FILE**

The Honorable Leonard P. Stark
U.S. District Court for the District of Delaware
U.S. Courthouse
844 King Street
Wilmington, DE 19801

> Re: Cooper Notification, Inc. v. Twitter, Inc., et al.,
> D. Del., C.A. No. 09-865-LPS

Dear Judge Stark:

On behalf of plaintiff Cooper Notification, Inc., ("Cooper") and defendants Twitter, Inc., Federal Signal Corp., and Everbridge, Inc. (collectively "Defendants"), I write pursuant to Your Honor's instructions to inform the Court of a proposed schedule for sur-replies and responses thereto, as well as to estimate the amount of time needed for the hearing on the parties' summary judgment motions and *Daubert* motions. Cooper and Defendants met and conferred and were unable to agree upon a schedule for the filing of sur-replies.

The table below summarizes the parties' respective positions regarding the proposed schedule.

| Event | Cooper | Defendants |
|---|---|---|
| Sur-replies Due | March 9, 2012 | March 2, 2012 |
| Responses to sur-replies | March 23, 2012 | March 6, 2012 |
| Summary Judgment Hearing | Week of April 9 | March 9, 2012 |
| Amount of Time for Summary Judgment Hearing | All day given the number of motions before the Court | 4 hours |

**Cooper's Position**

Cooper seeks leave to file a total of four sur-replies in light of the Court's recent claim construction order. Specifically, Cooper would like to file a sur-reply for each Defendants' motion for summary judgment of non-infringement and Federal Signal's *Daubert* motion filed regarding Dr. Vigna. Cooper's proposed schedule will permit it to supplement three expert reports to address the Court's recent claim construction order, file the four sur-replies that are necessary in light of the Court's claim construction order, give Defendants time to file their responses to the sur-replies and then provide the Court with some time to review them before the hearing. Defendants' proposed schedule does not provide the parties or the Court sufficient time for these activities before the scheduled hearing date.

Cooper requests that its sur-reply briefs be due on March 9, with responses due March 23. Cooper requests that the hearing be pushed back to the week of April 9, and that a full day be reserved to argue the 14 motions before the Court. Cooper also requests that each party have 10 pages for their respective sur-replies and responses.

**Defendants' Position**

Defendants do not oppose the filing of the four surreplies proposed by Cooper provided that Defendants are permitted to file responsive briefs of equal length. That said, given that in all instances the Court's claim construction rulings track in large part the parties' proposed claim constructions, very little, if any, additional briefing should be necessary. Thus, the Defendants propose a short briefing schedule that will allow the March 9, 2012 hearing to proceed as scheduled which, in turn, provides the Court with enough time to rule on these motions in advance of the July 9, 2012 trial date.

Cooper argues more time is needed for this briefing so that it can "supplement three expert reports." But Cooper never mentioned that it intended to supplement its expert reports and has not given (and cannot give) an explanation as to why it would need to do so. As noted above, in all instances the Court's claim construction rulings track in substance at least one of the parties' proposed constructions – all of which were addressed (or at least should have been addressed) in the initial expert reports. Additionally, were the parties allowed to supplement expert reports at this time, it is likely that expert discovery would also need to be reopened for additional depositions – likely requiring additional adjustments to the current schedule (including possibly moving the trial date) and, in turn, potentially requiring additional summary judgment and *Daubert* briefing.

The landscape of this case has not been dramatically changed by the Court's claim construction ruling and, therefore, there is no need for significant additional briefing and there is no justification for changing the current schedule. Defendants, thus, request that Cooper's four sur-replies be due at the end of this week (March 2) and that the briefs be limited to five pages each. Defendants would then have four days (until March 6) to file responsive briefing – also limited to five pages per brief. The March 9th hearing could then proceed as scheduled.

The Honorable Leonard P. Stark
February 27, 2012
Page 3

                                        Respectfully,

                                        */s/ Philip A. Rovner*

                                        Philip A. Rovner
                                        provner@potteranderson.com

PAR/mes/1048971
cc: Counsel of Record – By CM/ECF and E-mail