## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|   |   |   |
|---|---|---|
| COOPER NOTIFICATION, INC., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 09-865-LPS |
| | : | |
| TWITTER, INC., EVERBRIDGE INC., | : | |
| RAVE WIRELESS INC., and FEDERAL | : | |
| SIGNAL CORP., | : | |
| | : | |
| Defendants. | : | |

_____

### MEMORANDUM ORDER

1.      Plaintiff Cooper Notification, Inc. ("Cooper") requests reconsideration or

reargument, leave to file supplemental infringement reports, and clarification of the Court's

claim construction in connection with the May 25, 2012 opinion (D.I. 568) ("Opinion") and

Order (D.I. 569) granting Defendants' motions for summary judgment of non-infringement.

2.      Pursuant to Local Rule 7.1.5, a motion for reconsideration should be granted only

"sparingly." The decision to grant such a motion lies squarely within the discretion of the

district court. *See Dentsply Int'l, Inc. v. Kerr Mfg. Co.*, 42 F. Supp. 2d 385, 419 (D. Del. 1999);

*Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1241 (D. Del. 1990). These types of motions

are granted only if the court has patently misunderstood a party, made a decision outside the

adversarial issues presented by the parties, or made an error not of reasoning but of

apprehension. *See Schering Corp. v. Amgen, Inc.*, 25 F. Supp. 2d 293, 295 (D. Del. 1998);

*Brambles*, 735 F. Supp. at 1241. "A motion for reconsideration is not properly grounded on a

request that a court rethink a decision already made." *Smith v. Meyers*, 2009 WL 5195928, at *1

(D. Del. Dec. 30, 2009); *see also Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993). It is not an opportunity to "accomplish repetition of arguments that were or should have been presented to the court previously." *Karr v. Castle*, 768 F. Supp. 1087, 1093 (D. Del. 1991). A motion for reconsideration may be granted only if the movant can show at least one of the following: (i) there has been an intervening change in controlling law; (ii) the availability of new evidence not available when the court made its decision; or (iii) there is a need to correct a clear error of law or fact to prevent manifest injustice. *See Max's Seafood Café ex rel. LouAnn, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). However, in no instance should reconsideration be granted if it would not result in amendment of an order. *See Schering Corp.*, 25 F. Supp. 2d at 295.

3.      Having reviewed the parties' submissions, the Court concludes that Cooper has not met the standards for reconsideration, or any of the other requested relief.

4.      Cooper first contends that it should be permitted to provide supplemental infringement reports (including on infringement under the doctrine of equivalents) to address the issues raised in the Court's May 25, 2012 Opinion. According to Cooper, its infringement expert, Dr. Vigna, "never had an opportunity to provide an analysis specially tailored to the aspect of the gateway message transmission limitation that was the basis for the Court's grant of summary judgment, because this position and accompanying argument was not raised until long after he submitted his report;" thus, Cooper continues, "it would be manifestly unjust not to allow Cooper to supplement its infringement report." (D.I. 572 at 4, 5) The Court has already considered whether Cooper should be provided an opportunity to provide a supplemental infringement report. (*See* Opinion at 21-22) For the reasons explained in the Opinion, the Court is unpersuaded by Cooper's arguments. Cooper had multiple opportunities to supplement Dr.

2

Vigna's expert report, and/or seek to strike Defendants' non-infringement theory as untimely, but chose not to avail itself of those opportunities.

5.      Cooper next contends that the Court's grant of summary judgment is grounded in a clear error of fact because it ignores substantial evidence of infringement by Defendants' accused systems even under the Court's construction of the gateway message transmission limitation. (D.I. 572 at 6-7) According to Cooper, Dr. Vigna's expert reports, deposition testimony, and declarations provide substantial evidence that Defendants' accused systems meet the gateway message transmission limitation of the asserted claims. The Court previously considered the evidence now re-raised by Cooper, and found no genuine dispute that the accused systems do not transmit the gateway messages identified by Dr. Vigna to the user terminals as required by Claim 12; instead, it is only the accused second messages identified by Dr. Vigna that are allegedly delivered to the end users in Defendants' accused systems. The Court again rejects Cooper's contentions.

6.      Cooper next contends that the Court's claim construction is based on clear legal errors. The Court has considered Cooper's arguments and does not find them persuasive. Moreover, the claim construction arguments now raised by Cooper could have and should have been raised during the summary judgment process. *See* Opinion at 6-7 ("[T]he Court agrees with Defendants that the parties' competing positions present a claim construction dispute as to the proper meaning of the gateway message transmission requirements of Claim 12, rather than an infringement dispute over the nature or operation of the Defendants' accused systems."); *see also generally* Transcript of Summary Judgment Hrg. (D.I. 555) at 6 (Twitter's counsel: "The dispute . . . on infringement is really one of claim construction."), *id.* at 28 (Twitter's counsel describing issue as "pure claim construction"), *id.* at 63 (counsel for Cooper stating, "So the

3

mere fact that they're trying to revisit claim construction is apparent here.").

7.      Finally, Cooper requests that the Court clarify various aspects of its construction of the gateway message transmission limitation.  The Court agrees with Defendants that clarification is unnecessary and unwarranted.  At least some of the issues raised by Cooper are beyond the scope of Defendants' summary judgment motions and the Court's Opinion.

8.      For the foregoing reasons, Cooper's request for reconsideration or reargument, leave to file supplemental infringement reports, and clarification of the Court's claim construction (D.I. 572) is **DENIED**.

9.      Judgment is entered **AGAINST** Plaintiff, Cooper Notification, Inc., and **FOR** Defendants, Twitter, Inc., Everbridge, Inc., and Federal Signal Corp.  The Clerk of the Court is directed to **CLOSE** the case.

July 16, 2012
                                    _____
                                    UNITED STATES DISTRICT JUDGE