IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| COOPER NOTIFICATION, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 09-865-LPS |
| | ) | |
| v. | ) | |
| | ) | |
| TWITTER, INC., a Delaware corporation; | ) | |
| EVERBRIDGE, INC., a Delaware corporation, | ) | |
| RAVE WIRELESS, INC., a Delaware | ) | |
| corporation, and FEDERAL SIGNAL CORP, a | ) | |
| Delaware corporation, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF COOPER NOTIFICATION, INC.'S
OBJECTIONS TO DEFENDANT TWITTER, INC.'S BILL OF COSTS**

OF COUNSEL:

Paul J. Andre
Lisa Kobialka
James R. Hannah
Kramer Levin Naftalis & Frankel LLP
990 Marsh Road
Menlo Park, CA 94025
(650) 752-1700

Dated: January 13, 2014

Philip A. Rovner (#3215)
Jonathan A. Choa (#5319)
POTTER ANDERSON & CORROON LLP
Hercules Plaza
P.O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com
jchoa@potteranderson.com

*Attorneys for Plaintiff*
COOPER NOTIFICATION, INC.

I. **Introduction**

Pursuant to Local Rule 54.1(a)(3), Cooper Notification, Inc. ("Cooper") submits this objection to Twitter, Inc.'s ("Twitter") Bill of Costs (D.I. 584). Cooper objects to Twitter's Bill of Costs on the grounds that it improperly includes numerous costs that are not authorized by statute or by the Local Rules of this Court. For example, Twitter seeks costs related to (1) depositions only minimally cited in the dispositive summary judgment motion and for various nontaxable deposition fees such as "rush" transcript delivery, "TotalTranscript archiving" and "interactive realtime" charges, (2) an expensive technology tutorial that the Court rejected as argumentative, and (3) the service of subpoenas.

II. **Background and Procedural History**

Cooper filed an amended complaint on January 8, 2010, alleging that Defendants Twitter, Everbridge, Inc., Federal Signal Corporation (collectively "Defendants"), and Rave Wireless, Inc. ("Rave") infringe United States Patent No. 7,409,428 ("the '428 patent"). (D.I. 14.) On June 22, 2011, pursuant to a stipulated order, Rave was dismissed from the case. (D.I. 150.) On May 25, 2012, the Court granted Defendants' motion for summary judgment of non-infringement (D.I. 569), which was affirmed on appeal. *Cooper Notification, Inc. v. Twitter, Inc.*, No. 2012-1615, 2013 WL 4611752 (Fed Cir. Aug. 30, 2013). Twitter then filed this Bill of Costs.

III. **Twitter is Not Permitted to Recover the Costs it Seeks Beyond Those Allowed by Statute and this Court's Local Rules**

Cooper does not object to Twitter's request for $417.10 in printing and copying costs. However, as explained below, Twitter's further requests for costs related to depositions ($7,089.67), a technology tutorial ($12,408.51) and the service of subpoenas ($527.17) plainly overreach the limits of Fed. R. Civ. P. 54(d), Local Rule 54.1(b) and Section 1920. Under Fed.

R. Civ. P. 54(d), the only costs that may appropriately be taxed are the six specific categories set forth in 28 U.S.C. § 1920. *Crawford Fitting Co. v. JT Gibbons, Inc.*, 482 U.S. 437, 442 (1987). This Court's Local Rules further limit the costs that may be recovered in this action. Twitter bears the burden of demonstrating that the costs it seeks are allowable, and actually and necessarily occurred in the course of the litigation. *See* Local Rule 54.1(a)(2).

### A. Twitter's Request for Costs Related to Depositions is Unjustified

Twitter's request for $7,089.67 in costs associated with depositions should be reduced by the $4,220.07, the amount related to depositions Twitter only minimally used in its motion for summary judgment of non-infringement. Local Rule 54.1(b)(3) provides that: "[t]he reporter's reasonable charge for the original and one copy of a deposition and the reasonable cost of taking a deposition electronically or magnetically recorded are taxable *only where a substantial portion of the deposition is used in the resolution of a material issue* in the case." (emphasis added.) This Court has explained that the 54.1(b)(3) standard "focuses on the actual use of a substantial portion of the deposition to resolve a material issue in the case; it does not focus on whether the parties' attorneys use the depositions or subjectively view the depositions as important or unimportant." *Honeywell Int'l, Inc. v. Hamilton Sunstrand Corp.*, No. 99-309, 2009 WL 3153496, at *2 (D. Del. Sept. 30, 2009). Moreover, a substantial portion of the deposition must be used for the cost to become taxable. *Id.* This Court has held that using 25% of a deposition transcript is substantial, whereas 8-12% is not. *See Cordance Corp. v. Amazon.com, Inc.*, 855 F. Supp. 2d 244, 252-56 (D. Del. 2012).

Three of the four depositions for which Twitter seeks reimbursement do not satisfy this Court's "substantial portion" test. Twitter admits that in the dispositive non-infringement briefing, it and Cooper collectively cited only 7.4%, 7.4%, and 4% of the deposition transcripts of Nicholas Bambos, Tim Huske, and Joe Lauer, respectively. Haack

2

Decl. at ¶ 7. Accordingly, Twitter's request for reimbursement of the costs associated with these depositions should be denied because the limited use of these transcripts fails the substantial use test. Cooper does not object, however, to the $2,869.60 in basic deposition fees associated with the deposition of Dr. Vigna.

Cooper further objects to Twitter's request for reimbursement of the costs related to the depositions of Dr. Vigna and of Mr. Huske (to the extent this Court does not deny the latter in its entirety) because the costs for these depositions goes well beyond the "reasonable cost" permitted under Local Rule 54.1(b)(3). Specifically, the Bill of Costs improperly seeks costs for "rush" transcript delivery, "TotalTranscript archiving" and "interactive realtime" transcription fees. *See Ampex Corp. v. Eastman Kodak Co.*, Civil Action No. 04-1373-KAJ (D. Del. Sept. 10, 2008) (rush and interactive realtime costs not available under Local Rule 54.1(b)(3)) (attached hereto as Ex. A). Thus, the costs related to these two depositions should be reduced by the following amounts:

Giovanni Vigna

| | |
|---|---|
| $192.50 | Interactive Realtime |
| $7.50 | TotalTranscript Archive |
| $35.00 | Process/Delivery NL Rush |

Tim Huske

| | |
|---|---|
| $535.92 | 3 Day Expedite |

Taking these reductions into account, Twitter should not be awarded more than $2,869.60 in costs for the deposition of Dr. Vigna. If costs are awarded for the other three depositions, the amount for the deposition of Mr. Huske should be reduced by $543.92 to $1,010.65.

### B. Twitter's Requested Costs for Exemplifications are Unjustified

Twitter's request for $12,408.51 in costs associated with the creation of its technology tutorial should be denied because this tutorial served a primarily argumentative function. The costs of demonstrative exhibits are recoverable only if such exhibits "materially aided [the judge's] understanding of the technological issues in the case." *Schering Corp. v. Amgen, Inc.*, 198 F.R.D. 422, 428 (D. Del. 2001). However, "parties may not recover costs for the preparation of animations, graphic design, and other exhibits that serve primarily an ***argumentative or adversarial function***." *Honeywell*, No. 99-309, 2009 WL 3153496, at *5 n. 4 (D. Del. Sept. 30, 2009) (emphasis added).

Twitter's technology tutorial fails to meet this standard. At the *Markman* hearing, the Court found that Defendants' technology tutorial was overly argumentative and unhelpful:

> Real briefly, before we get into the claim construction, I noted there were objections from Cooper to defendants' technology tutorial. Given that this is not an evidentiary hearing, I don't need to rule on the objections, but I do want to say that ***I thought most of the objections from plaintiff were well founded and that defendants' tutorial had an abundance of argument and stuff that was irrelevant to claim construction and premature at this point in the case, and in that regard is inconsistent with the Court's order and what we look for in a tutorial.***

Declaration of Paul Andre in Support of Plaintiff Cooper Notification, Inc.'s Objections to Defendant Twitter, Inc.'s and Federal Signal Corp.'s Bills of Costs, Ex. 1, Tr. at 4:19–5:3 (emphasis added). As the Court found Twitter's tutorial to be overly argumentative and largely irrelevant, Twitter is not entitled to tax the costs of preparing it. *See Honeywell*, No. 99-309, 2009 WL 3153496, at *5 n. 4.

To the extent the Court is inclined to allow any costs for the tutorial, Cooper further objects to Twitter's attempt to tax fees paid to trial and graphics consultants. No recovery is permitted for such consulting fees, especially where, as here, the demonstrative at issue was not

4

what the Court "invited both parties [to] submit." *See Cordance*, 855 F. Supp. 2d at 251-52 (D. Del. 2012) (taxation of costs for "project management...graphic design [and] trial consultant" "would be contrary to the rule barring parties from recovering attorney and expert fees."). Accordingly, in the event that the Court does not deny Twitter's request in its entirety, Twitter's recovery should be reduced by the $5,607.44 attributable to consultant fees to a total of $6,801.07, reflecting its share of these non-taxable consultant costs. *See* D.I. 585-5 at 1-2 (entries coded GC and TC-DVD are for non-taxable consultant fees).

### C. Twitter's Requested Costs for Service of Subpoenas is Unjustified

Twitter's request for $572.17 in costs associated with the service of subpoenas should be denied because the Local Rules do not provide for taxing such costs. *See* L.R. 54.1(11) ("Claims for costs other than those specifically mentioned in the preceding paragraphs of subpart (b) of this Rule ordinarily will not be allowed, unless the party claiming such costs substantiates the claim by reference to a statute or binding court decision."). In particular, 28 U.S.C. § 1920(1) does not expressly provide for taxing subpoena service fees and permits only "[f]ees of the clerk and marshal." Moreover, various courts have found that this provision does not include process servers' fees. *See, e.g., Crues v. KFC Corp.*, 768 F.2d 230, 234 (8th Cir. 1985) (concluding that, since 28 U.S.C. § 1920 contains no provision for the use of special process servers, such costs are non-taxable); *see also Zdunek v. Washington Metro Area Transit Auth.*, 100 F.R.D. 689, 692 (D.D.C. 1983) (same); *but see, e.g., Alflex Corp. v. Underwriters Labs., Inc.*, 914 F.2d 175, 178 (9th Cir. 1990) (per curiam) (holding that private process servers' fees are properly taxed as costs). As there is no statute or binding court decision authorizing the taxation of the costs of process servers, Cooper submits that the Court should follow this view and decline to award such costs, particularly in light of recent Federal Circuit case law emphasizing that costs not specifically authorized under Section 1920 are not taxable. *See CBT*

*Flint Partners, LLC v. Return Path, Inc.*, 737 F.3d 1320, 1328 (Fed. Cir. 2013) (narrowly construing Section 1920(4)'s provision of costs in limiting e-discovery expenses that may be taxed). Accordingly, Twitter's request to tax subpoena service fees should be denied as unauthorized.

### IV. Conclusion

As set forth above, Twitter seeks costs that far exceed those allowable under the Local Rules and statutory authority. Therefore, Cooper respectfully requests that Twitter's Bill of Costs be denied in part as set forth herein.

In summary, the following costs requested by Twitter are not taxable:

- Costs for depositions:         $4,220.07
- Costs for exemplifications:    $12,408.51
- Costs for service of subpoenas: $572.17
  **Total non-taxable costs:**   **$17,200.75**

Cooper does not object to the following costs:

- Costs for printing and copying:        $417.10
- Basic costs for deposition of Dr. Vigna $2,869.60
  **Total taxable costs:**               **$3,286.70**

| | |
|---|---|
| OF COUNSEL: | POTTER ANDERSON & CORROON LLP |
| Paul J. Andre<br>Lisa Kobialka<br>James R. Hannah<br>KRAMER LEVIN NAFTALIS<br>  & FRANKEL LLP<br>990 Marsh Road<br>Menlo Park, CA  94025<br>(650) 752-1700 | By: /s/ *Philip A. Rovner*<br>    Philip A. Rovner (#3215)<br>    Jonathan A. Choa (#5319)<br>    Hercules Plaza<br>    P.O. Box 951<br>    Wilmington, DE  19899<br>    (302) 984-6000<br>    provner@potteranderson.com<br>    jchoa@potteranderson.com |
| Dated: January 13, 2014<br>1136015 | *Attorneys for Plaintiff*<br>COOPER NOTIFICATION, INC. |

7

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

**CERTIFICATE OF SERVICE**

I, Philip A. Rovner, hereby certify that on January 13, 2014 the within document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on January 13, 2014, the within document was served on the following persons as indicated:

**BY E-MAIL**

John G. Day, Esq.
Lauren E. Maguire, Esq.
Andrew C. Mayo, Esq.
Ashby & Geddes
500 Delaware Avenue, 8th floor
P.O. Box 1150
Wilmington, DE 19899
jday@ashby-geddes.com
lmaguire@ashby-geddes.com
amayo@ashby-geddes.com

*Attorneys for Defendant Twitter, Inc.*

Adam W. Poff, Esq.
James L. Higgins, Esq.
Young Conaway Stargatt & Taylor, LLP
Rodney Square
1000 North King Street
Wilmington, DE 19801
apoff@ycst.com
jhiggins@ycst.com

*Attorneys for Defendant Federal Signal Corp.*

Frederick L. Cottrell, III, Esq.
Travis Steven Hunter, Esq.
Richards, Layton & Finger, P.A.
One Rodney Square
920 N. King Street
Wilmington, DE 19801
Cottrell@rlf.com
hunter @rlf.com

*Attorneys for Defendant Everbridge Inc.*

Daniel W. McDonald, Esq.
Thomas J. Leach, Esq.
Merchant & Gould P.C.
3200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
dmcdonald@merchantgould.com
tleach@merchantgould.com

*Co-counsel for Defendant Federal Signal Corp.*

Edward Cavazos, Esq.
Michael Chibib, Esq.
Joshua L. Tucker, Esq.
Conor M. Civins, Esq.
Benjamin Bernell, Esq.
Bracewell & Giuliani LLP
111 Congress Avenue, Suite 2300
Austin, TX  78701
Edward.cavazos@bgllp.com
Michael.chibib@bgllp.com
Josh.tucker@bgllp.com
Conor.civins@bgllp.com
ben.bernell@bgllp.com

*Co-counsel for Defendant
Everbridge Inc.*

Lynn H. Pasahow, Esq.
J. David Hadden, Esq.
David D. Schumann, Esq.
Phillip J. Haack, Esq.
Ryan J. Marton, Esq.
Fenwick & West LLP
801 California Street
Mountain View, CA 94041
lpasahow@fenwick.com
dhadden@fenwick.com
dschumann@fenwick.com
phaack@fenwick.com
rmarton@fenwick.com
Twitter-CooperAttorneys@fenwick.com

*Co-Counsel for Defendant
Twitter, Inc.*

*/s/ Philip A. Rovner*
Philip A. Rovner (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P. O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com